JOAN BARRETT PITTSINGER GRINOLD *v.*
RAYMOND WADE GRINOLD

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 5—decision released December 28, 1976

*Jerome M. Griner,* for the appellant (plaintiff).

*Joseph Perelmutter,* with whom, on the brief, was *John P. Santucci,* for the appellee (defendant).

BARBER, J. This is an appeal from a decision granting the defendant husband's motion to modify or terminate alimony. The court ordered that the alimony should be reduced to the rate of $50 per week and that all alimony should terminate by the end of three years, upon the parties' youngest child reaching the age of twenty-one years. The plaintiff wife has appealed to this court.

By judgment rendered January 20, 1967, the plaintiff, after almost sixteen years of marriage, was granted a divorce, child custody and child support, $25,000 lump sum alimony and $90 per week periodic alimony. At the time of the divorce hearing, both parties were unemployed but both parties anticipated that they would obtain employment. On September 22, 1975, the defendant filed his motion to modify or terminate the alimony payments on the ground that there had been "a substantial change in financial circumstances for the parties." The court specifically found that the parties' financial affidavits did not show a substantial change in the economic circumstances of either party, but, nevertheless, ordered the alimony reduced and then terminated because it concluded that the plaintiff wife was "substantially rehabilitated from any adverse socio-economic consequence of her marriage" to the extent that such "rehabilita-

tion" constituted the "substantial change in circumstances" required by § 46-54 of the General Statutes before a court can modify an alimony order.[1]

On appeal, the plaintiff claims that (1) the defendant was estopped from seeking a modification by a provision in the parties' separation agreement; (2) the defendant failed to establish by the evidence a "substantial change in circumstances"; (3) the trial court abused its discretion in granting the defendant's motion; and (4) § 46-54 of the General Statutes has not changed the law of modification of alimony orders.

In determining whether the trial court abused its discretion "the ultimate issue is whether the court could reasonably conclude as it did." *Aguire* v. *Aguire*, 171 Conn. 312, 314, 370 A.2d 948; *Pasquariello* v. *Pasquariello*, 168 Conn. 579, 584, 362 A.2d 835. This court has stated that "trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant." *LaBella* v. *LaBella*, 134 Conn. 312, 318, 57 A.2d 627. Nevertheless, the court's conclusions must be tested by the finding, which must establish a reasonable basis for these conclusions. *Hutensky* v. *Avon*, 163 Conn. 433, 437, 311 A.2d 92; *Cecio Bros., Inc.* v. *Feldmann*, 161 Conn. 265, 271, 287 A.2d 374;

[1] "[General Statutes] Sec. 46-54. MODIFICATION OF ALIMONY OR SUPPORT ORDERS. Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. This section shall not apply to assignments under section 46-51 or to any assignment of the estate or a portion thereof of one party to the other party under prior law."

*England* v. *England,* 138 Conn. 410, 414, 85 A.2d 483. Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party. General Statutes § 46-54; *Viglione* v. *Viglione,* 171 Conn. 213, 215, 368 A.2d 202; see Clark, Domestic Relations § 14.9. In addition, the changed circumstances requiring a modification must not have been contemplated by the parties at the time of the entry of the decree, must be substantial and must have arisen subsequent to entry of the original decree. 2A Nelson, Divorce & Annulment (2d Ed.) § 17.07. The trial court in the present case concluded that there had occurred such a substantially changed circumstance in that the plaintiff wife was "rehabilitated" from any "adverse socio-economic consequence" of her marriage. This novel and elusive concept is not to be found in either the statutory provision concerning modification or the one establishing standards for granting alimony orders; General Statutes §§ 46-54, 46-52;[2] nor has this

---

[2] "[General Statutes] Sec. 46-52. ALIMONY. The superior court, in addition to or in lieu of an award pursuant to section 46-51, may, at the time of entering the decree, order either of the parties to pay alimony to the other, which order may direct that security be given therefor on such terms as the court may deem desirable. In determining whether alimony shall be awarded, and the duration and amount of the award, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46-48, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46-51 and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent securing employment."

court previously resorted to it. Such a vague, conclusory standard for modification cannot take the place of the established requirement that there be a clear and definite showing of individual facts and circumstances which have substantially changed. See 2A Nelson, Divorce & Annulment §§ 17.07–17.09. No findings of the court in this case relate to and support the conclusions regarding so-called rehabilitation from any adverse "socio-economic" consequences of the plaintiff's marriage. Section 46-54 clearly requires a change in circumstances, yet the court specifically finds that there has been no showing of changed economic circumstances for either party and that the parties anticipated employment (and, obviously, the income therefrom) at the time of the divorce decree. A change in financial circumstances was the sole basis of the defendant's motion to modify. The court found no showing of such a situation, nor is there a finding concerning any other substantially changed circumstance which would clarify and support the court's conclusions regarding "rehabilitation" as a ground for modification. These conclusions, therefore, cannot stand. *Hutensky* v. *Avon,* supra; *Hickey* v. *New London,* 153 Conn. 35, 38, 213 A.2d 308. Because our decision in this respect is dispositive of the plaintiff's appeal of the order granting modification, it is unnecessary to consider her other claims.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff.

In this opinion the other judges concurred.