NOEL FRICKE *v.* CAROLE G. FRICKE

COTTER, LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued February 9—decision released April 11, 1978

*William F. Gallagher,* with whom, on the brief, was *Raynald B. Cantin,* for the appellant (plaintiff).

*Thomas F. Parker,* with whom, on the brief, was *William A. Taylor,* for the appellee (defendant).

PER CURIAM. The plaintiff has appealed from the action of the Superior Court in denying his motion to modify alimony and support, and in awarding counsel fees to the defendant.

The sole issue raised by the plaintiff in his appeal from the denial of his request for modification is whether the defendant's employment subsequent to the rendition of the divorce decree constituted a substantial unforeseen change in circumstances not contemplated by the parties at the time of entry of the original decree which the trial court failed to consider in ruling on the motion.

A modification of alimony or support is not warranted unless there has been a showing of "a substantial change in the circumstances of either party, occurring subsequent to the entry of the original decree, and not contemplated by the parties at that time. *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172." *Sanchione* v. *Sanchione,* 173 Conn. 397, 407, 378 A.2d 522; *Friedly* v. *Friedly,* 174 Conn.

279, 280, 386 A.2d 236. An agreement between the parties relating to their respective rights was incorporated in the decree of divorce rendered in 1972. The trial court found that during the predivorce negotiations which preceded the execution of that agreement, the plaintiff anticipated that his wife might resume her teaching career by which she would derive income in addition to that received for alimony and support. Since the exhibits before the trial court and the appendix to the defendant's brief establish that there was sufficient evidence to support these findings of fact, they cannot be stricken as requested by the plaintiff. *Shea* v. *State Employees' Retirement Commission,* 170 Conn. 610, 613, 368 A.2d 159; Maltbie, Conn. App. Proc. § 156. The court, therefore, did not abuse its broad discretion in concluding that the additional income of the defendant wife did not create such an unforeseen change in circumstances to justify a modification of the original decree.

The plaintiff has also appealed the trial court's order requiring him to pay $1800 in counsel fees. Such a determination is governed by General Statutes § 46-59, which provides that reasonable attorney's fees may be awarded to either party "in accordance with their respective financial abilities and the criteria set forth in section 46-52."[1] In view of the findings made by the court to determine the financial capabilities of both parties, which were

---

[1] "[General Statutes] Sec. 46-52. ALIMONY. The superior court, in addition to or in lieu of an award pursuant to section 46-51, may, at the time of entering the decree, order either of the parties to pay alimony to the other, which order may direct that security be given therefor on such terms as the court may deem desirable. In determining whether alimony shall be awarded, and the duration and amount of the award, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46-48,

supported by the evidence, we cannot hold that the trial court abused the broad discretion vested in it by § 46-59 in allowing the payment of counsel fees. *deCossy* v. *deCossy,* 172 Conn. 202, 206, 374 A.2d 182; *Viglione* v. *Viglione,* 171 Conn. 213, 219–20, 368 A.2d 202; *Stoner* v. *Stoner,* 163 Conn. 345, 356, 307 A.2d 146.

There is no error.

shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46-51 and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent securing employment."