[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDING
The plaintiff, Pamela Hackney, the former Pamela LISTER, has filed a motion for modification dated June 21, 1990, seeking an increase in the weekly support order she receives from the defendant for the parties' one minor child, who is eleven.
In 1981, the original order, incident to the dissolution, of $50.00 per week was reduced to $25.00. There are no financial affidavits in the file which relate to that finding. However, there are financial affidavits on file which relate to that initial $50.00 weekly order. The defendant's affidavit reflects that in late 1980, he had a net weekly income of $151.70 per week. At the same time, the plaintiff was a recipient of AFDC
In 1984, the defendant agreed to repay a support arrearage owed to the plaintiff at the rate of $25.00 weekly. His total weekly payments are now $50.00.
Since the early 1980's, the plaintiff has remarried. Although she is unable to work and is permanently disabled due to a stroke, (See Exhibit A), in addition to collecting social security disability, her weekly expenses are supplemented by contributions from her new husband, who earns approximately $27,000.00 annually. (Her financial affidavit did not take his contributions into account).
The defendant has also remarried and now has two other children. His present wife does not work. The couple's youngest child is 2, the eldest is 5. Recently, he had a business that failed and also incurred a sizeable medical debt due to his own kidney problem and the birth of the youngest child, which was not covered by any medical insurance. He has taken out a personal loan of $5,000 in order to consolidate some of these debts.
His United Parcel Service earnings statement (Defendant's Exhibit 1) indicates that he averaged a gross income of approximately $654.00 per week for the first half of this year. This figure is higher than the one reflected on his financial affidavit, no doubt due to his admission that he does receive overtime pay. CT Page 843
The defendant maintains that he cannot afford to pay anymore than the $50.00 he is now paying — $25.00 current support and $25.00 on an arrearage now owed to the plaintiff in the amount of $950.00 as of July 13, 1990.
Since the plaintiff's motion requests an alternative increase or decrease in the current monetary orders, this court could also modify his prior agreement to pay $25.00 per week on the arrearage.
I find there has been a substantial change in the financial circumstances of the parties since the time of the dissolution. Grinold v. Grinold, 172 Conn. 192 (1976).
Although the defendant has incurred some significant liabilities, given his proven ability to sometime receive overtime pay, I do not accept his debts as a justification to vary from the child support guidelines. Furthermore, the plaintiff cannot work.
The guidelines suggest that $225.00 of his net weekly income for a forty-hour work week be applies to his support obligations for three minor children. This computes to $75.00 per week for each child.
ORDER
The plaintiff's motion for modification dated June 21, 1990 is hereby granted. Effective July 27, 1990, the defendant's weekly support obligation is increased from $25.00 per week to $75.00 per week. In addition, the defendant's payments on the arrearage of $950.00 due the plaintiff as of 7/13/90 are reduced from $25.00 per week to $10.00 per week.
The wage withholding order presently in effect is to be modified in accordance with this order.
All other orders incident to the dissolution remain in full force and effect.
The defendant is also to provide the plaintiff with verification as to whether or not medical coverage is available to him through UPS for the minor child on or before August 31, 1990.
All other orders incident to the dissolution remain in full force and effect.
This matter is continued to September 7, 1990, to monitor the order with respect to medical coverage.
D.F. HARRIGAN, JUDGE CT Page 844