[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has filed a motion for modification of the judgment entered on February 13, 1969, before the Honorable Paul J. Driscoll with respect to alimony. At that time the court ordered that the defendant pay Twelve Thousand ($12,000.00) Dollars per year, payments to be made in equal bimonthly installments of Five Hundred ($500.00) Dollars each on the first and fifteenth days of each month. At the time of the decree the parties had been married for twenty-four years and had had four children, two of whom were still minors, Valerie CT Page 1848 who was then age 17 and Marie who was then age 15.
At the time of the decree the plaintiff received the family home at Briar Oaks Road in Weston. In 1973 she sold the family home and purchased a condominium in Norwalk consisting of two bedrooms and a bath.
The plaintiff is now 71 years of age. She is receiving $349.00 per month in Social Security benefits and works part time doing secretarial work for St. Luke's Religious Education and Rectory and Attorney Robert M. Anstatt. She earns $43.10 per week with Attorney Anstatt and $107.00 per week with St. Luke's. Her total weekly net income including Social Security is $276.23. She has weekly expenses including payment on indebtedness of $439.71.
The defendant owns 100 per cent of the stock of a corporation called American Telephone Management, Inc. (hereinafter referred to as ATMI). ATMI is a personal service business, a design and consulting firm specializing in telephone communications essentially in voice but also in data as an "overflow."
At the time of the decree of divorce on February 13, 1969 the defendant was employed by Celanese Corporation earning $30,000.00 per year. He has remarried and has two children of his present marriage, ages 19 and 17. He is 72 years of age, suffers from chronic asthma, a hearing loss, glaucoma and "other health problems." He is, however, able to work, and ATMI has clients in Nassau, Acapulco and Northern California, all serviced by the defendant. He lives in Monarch Beach, California in a home he valued at $750,000.00 in his financial affidavit with a mortgage of $475,000.00 upon which the defendant pays $3,500.00 per month.
ATMI is realizing no income at the present time end has not realized income since 1985. (See defendant's exhibits 1, 2 and 3.) Indeed, in 1989 the business realized a loss of $164,842.00. The defendant's only income is $192.69 per week in Social Security. However, he realizes "percs" from the business such as automobile leases for his Mercedes 300, his wife's 1988 Mercury Sable, and his oldest daughter's car. The youngest daughter drives a 1984 Audi purchased in 1987 for $5,000.00. The company pays for the expenses of all the cars, pays for the defendant's membership in Monarch Bay Beach Club and the Laguna Licoll Tennis Club. In addition, both the defendant and his wife have made loans to ATMI and, when cash flow in the corporation permits, the corporation repays the loans. During the year 1990, the defendant estimates that the company loaned $96,173.00 to him and realized fees of $49,969.00. CT Page 1849
It is difficult to perceive how the defendant can continue to live in the style in which he has been living. The defendant argues that he is "at the end of his rope" and that he is no longer able to pay the $1,000.00 per month alimony nor many of his expenses.
The motion is brought pursuant to the provisions of46b-86 (a) of the General Statutes. Since it involves the issue of alimony, the court must consider the factors of 46b-82 of the General Statutes. In order to grant the defendant's motion, the court must find a substantial change of circumstances not contemplated by the parties at the time of the original decree.
 The appellate court has recently stated as follows: "Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party. General Statutes 46-54; Viglione v. Viglione, 171 Conn. 213, 215, 368 A.2d 202 (1976); see Clark, Domestic Relations 14.9." Grinold v. Grinold, 172 Conn. 192, 195, 374 A.2d 172 (1976). Case law in the area of modification makes it abundantly clear that three elements must be present in order for the modification to be proper: (1) that the burden of proof is on the moving party to make a clear showing of a substantial change in circumstances; McGuinness v. McGuinness, 185 Conn. 7, 10, 440 A.2d 804 (1981); (2) that the change in circumstances was not contemplated at the time of the entry of the original decree and arose thereafter; Grinold v. Grinold, supra, 195; and (3) that the change was, in fact, substantial. Id.
Vonaa v. Vonaa, 15 Conn. App. 745, 747-748 (1988).
The court finds that the defendant has sustained his burden of proof and has demonstrated a clear showing of a substantial change in circumstances. The court finds further that the change of circumstances experienced by the defendant was not contemplated at the time of the entry of the original decree. The court finds, also, that the change in circumstances has, in fact, been substantial.
Considering all of the factors of 46b-82 of the CT Page 1850 General Statutes, the court orders a reduction in alimony from One Thousand ($1,000.00) Dollars per month to Six Hundred Fifty ($650.00) Dollars per month effective January 1, 1991 and orders equal bimonthly installments of Three Hundred Twenty-five ($325.00) Dollars each on the first and fifteenth days of each month.
The plaintiff has requested attorney's fees in her closing argument and asked the court to consider $3,500.00 for defense of this motion. There has been no written motion requesting counsel fees in connection with this motion; the court did, on December 14, 1990, allow counsel fees in the amount of $1,000.00 on the motion for contempt which was paid on January 11, 1991; and there has been no evidence of time or services rendered by plaintiff's counsel upon which the court might rule. The request for counsel fees is, therefore, denied.
The judgment of February 3, 1969 shall be modified in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE