[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION
The plaintiff has moved to modify the judgment of the court (Freedman, J.) entered on April 13, 1982 with regard to alimony and support claiming that there has been a substantial change in the circumstances of the parties. At the time of the original decree the court ordered the defendant to pay to the plaintiff the sum of Two Hundred Twenty ($220.00) Dollars per week as unallocated alimony and support. The judgment provided that in the event of the plaintiff's remarriage before the youngest child reached the age of eighteen (18) years, the defendant CT Page 2854 should pay Seventy-five ($75.00) Dollars per week per child as child support. It is the plaintiff's claim that, in effect, this means $150.00 per week child support and $70.00 per week alimony, and now with the family support guidelines, the amount of child support should be increased.
The court has considered the evidence, the case law and the statutes. The motion is filed pursuant to the provisions of46b-86(a) of the General Statutes. The court must consider the factors of 46b-82 and 46b-84 of the General Statutes if it finds that there has been a substantial change in the circumstances of the parties.
With regard to modification the Appellate Court has recently stated as follows:
 "Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party. General Statutes 46-54; Viglione v. Viglione, 171 Conn. 213, 215, 368 A.2d 202
(1976); see Clark, Domestic Relation 14.9." Grinold v. Grinold, 172 Conn. 192, 195, 374 A.2d 172 (1976). Case law in the area of modification makes it abundantly clear that three elements must be present in order for the modification to be proper: (1) that the burden of proof is on the moving party to make a clear showing of a substantial change in circumstances; McGuinness v. McGuinness, 185 Conn. 7, 10, 440 A.2d 804 (1981); (2) that the change in circumstances was not contemplated at the time of the entry of the original decree and arose thereafter; Grinold v. Grinold, supra, 195; and (3) that the change was, in fact, substantial. Id.
Vonaa v. Vonaa, 15 Conn. App. 745, 747-748 (1988).
The court finds:
1. The plaintiff has sustained her burden of proof to show a substantial change in circumstances.
2. The change in circumstances was not contemplated at the time of the entry of the original decree.
3. The change in circumstances has been substantial. CT Page 2855
4. The final order of child support entered in 1982 substantially deviates from the child support guidelines established pursuant to 46b-215a of the General Statutes. The court enters the following orders:
1. The judgment of April 13, 1982 shall be modified so that the defendant shall pay to the plaintiff the sum of Three Hundred ($300.00) Dollars per week as unallocated alimony and support until the wife dies, or remarries or the youngest child reaches the age of eighteen (18) years, whichever event shall first occur. Such modification shall be effective February 1, 1991, the amount of arrears of $480.00 to be paid within thirty (30) days of the date hereof. The court orders a contingent order for wage withholding pursuant to the provisions of 52-302 of the General Statutes.
2. The defendant shall pay one half the cost of sewer hookups, such one half not to exceed $390.00.
3. The defendant shall pay one half of the sewer assessment of $500.00.
4. The defendant shall contribute the sum of One Thousand ($1,000.00) Dollars toward plaintiff's counsel fees plus $144.80 costs for a total amount of $1,144.80 to be paid on or before thirty (30) days from the date hereof.
The motion for modification is granted, the foregoing orders to enter thereon.
EDGAR W. BASSICK, III JUDGE