[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS No. 111 THROUGH 114
There are four motions before the court in this matter: plaintiff's motion for modification (docket entry number 111) dated November 26, 1990, plaintiff's motion for contempt dated December 5, 1990 (docket entry number 112), the defendant's objection to the motion for modification (docket entry number 113) and the defendant's objection to the motion for contempt (docket entry number 114).
A decree of legal separation was entered on March 17, 1982. At that time it was ordered that the plaintiff shall pay to the defendant the sum of $17,500.00 per year "until such time, if ever, that the Husband [the plaintiff] shall retire from his employment by Carpenter Technologies, Inc., and that upon such retirement, the Husband shall pay to the Wife, as alimony, a sum equal to 33 1/3 per cent of any pension he receives from Carpenter Technology." Subsequently, on February 25, 1983, a decree of dissolution of marriage was entered.
On October 14, 1988 the Bridgeport plant of Carpenter Technology closed. The plaintiff was then 52 years of age. He was not given an offer of a job at another location and was one of nine management employees left without work. These employees were referred to a New York firm, Swaim and Swaim, for employment counseling. The plaintiff's resume was sent to over one hundred executive recruiters, the plaintiff answered advertisements in newspapers and he followed leads from any source whatsoever. There were no openings for his area of expertise which was Superintendent of the Annealling Department and Metallurgist.
The plaintiff has attended two years of college, began work at Carpenter at age 20 and worked there for 32 years. The plaintiff, unable to find other employment, opted for early retirement. His gross income has gone from $60,000.00 per year to $22,693.00. The defendant is now receiving $600.00 per month by way of alimony. CT Page 3476
As to the motion for contempt, the parties are agreed that there is an arrearage of $14,253.97 to October, 1988. This results from checks uncashed by the defendant and checks returned by the defendant to the plaintiff. Checks were lost, also, because the defendant's mail was being interfered with. There are additional amounts owed since October 14, 1988. Counsel have indicated that they can resolve the amount due subject to credits to the plaintiff for amounts paid since that date.
The defendant has filed objections to both motions claiming the plaintiff lacks competence to make either motion. The court finds the plaintiff is competent and overrules both objections.
On the motion for contempt, the court finds no contempt, orders the arrearage to be paid at the rate of $200.00 per month until fully paid. The court orders further that the plaintiff make a contribution toward the defendant's counsel fees of $300.00 and $37.20 costs, the same to be added to the arrearage as found above, for a total arrearage of $14,591.17 with additions and subject to credits for the period October 14, 1988 to the date hereof.
On the motion for modification, the court finds as follows: The parties were married on November 29, 1958. A decree of legal separation was entered on March 17, 1982 after a twenty-three year marriage. There was one child, issue of the marriage, who is now 29 years of age. The parties are presently 54 and 55 years of age. The plaintiff, since he has had no offer of another job, took the real estate course and holds a license as a real estate sales person and has established a relationship with a real estate firm in Orange. Because of the present state of the real estate market, he has realized no services.
The law with respect to modification has been stated as follows:
 "Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party. General Statutes 46-54; Viglione v. Viglione, 171 Conn. 213, 215, 368 A.2d 202 (1976); see Clark, Domestic Relations 14.9." Grinold v. Grinold, 172 Conn. 192, 195, 374 A.2d 172 (1976). Case law in the area of modification makes it CT Page 3477 abundantly clear that three elements must be present in order for the modification to be proper: (1) that the burden of proof is on the moving party to make a clear showing of a substantial change in circumstances; McGuinness v. McGuinness, 185 Conn. 7, 10, 440 A.2d 804 (1981); (2) that the change in circumstances was not contemplated at the time of the entry of the original decree and arose thereafter; Grinold v. Grinold, supra, 195; and (3) that the change was, in fact, substantial. Id. Vonaa v. Vonaa, 15 Conn. App. 745, 747-748 (1988).
The court finds that at the time of the decree it was not contemplated that the plaintiff would be retiring at the age of 53, that there has been a substantial change of circumstances by a decrease in the plaintiff's income, and that the change has, in fact, been substantial. By the parties' agreement, the defendant was to receive one third of any pension the plaintiff received from Carpenter Technology.
So much of the judgment as so provides shall remain in full force and effect. In addition thereto, the plaintiff shall pay to the defendant one third of all net income he receives from his employment. The plaintiff shall furnish the defendant with a copy of all W2 forms, a copy of all Form 1040 Schedule C's for business conducted by him, and form K-1's for businesses in which he has an interest, annually upon receipt of such statements. If the plaintiff is self-employed, he shall estimate the amount of his net income and pay over one third thereof to the defendant as such money is received and settle the final amounts when determined the following year for income tax purposes.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE.