[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION (DOCKET No. 115)
This motion is filed pursuant to the provisions of46b-86 (a) of the General Statutes. Since it involves the issue of support, the court must consider the factors of 46b-84 of the General Statutes together with the family support guidelines. In order to grant the plaintiff's motion, the court must find a substantial change of circumstances not contemplated by the parties at the time of the original decree.
 The appellate court has recently stated as follows: "Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of substantial change in the circumstances of either party. General Statutes 46-54; Viglione v. Viglione, 171 Conn. 213, 215, 368 A.2d 202 (1976); see Clark, Domestic Relations 14.9." Grinold v. Grinold, 172 Conn. 192, 195, 374 A.2d 172 (1976). Case law in the area of modification makes it abundantly clear that three elements must be present in order for the modification to be proper: (1) that the burden of proof is on the moving party to make a clear showing of a substantial change in circumstances; CT Page 3707 McGuinness v. McGuinness, 185 Conn. 7, 10, 440 A.2d 804 (1981); (2) that the change in circumstances was not contemplated at the time of the entry of the original decree and arose thereafter; Grinold v. Grinold, supra, 195; and (3) that the change was, in fact, substantial. Id.
Vonaa v. Vonaa, 15 Conn. App. 745, 747-748 (1988).
The court finds that there has been a substantial change of circumstances not contemplated by the parties at the time of the original decree. At the time of the original decree, the plaintiff was employed as a sales representative selling lighting products. At the time of the decree in 1985, he had been so employed for 13 years. His annual gross income at that time was $82,000.00 per year, and it had substantially so remained until August, 1990. At that time he lost the account of Casablanca Fan Company which represented about 85 per cent of his commissions.
Upon losing this account, the plaintiff was without employment for one week and then took a job as a kitchen supervisor at Arden House earning $13.00 per hour, $520.00 per week. He worked in this position for three months when he was replaced by another with a license for that position. He has been unemployed since December, 1990 and is looking for a business he can buy. He expects to use the proceeds of the sale of his condominium to finance the purchase of such a business and hopes to realize an income of $40,000.00 per year.
The plaintiff's mortgage, as of the trial date, was one and one half months in arrears, he owes $9,000.00 in estimated taxes, and $5,000.00 to his in-laws. He has made an arrangement with the mortgagee bank to pay one half of the mortgage payments until he can find a business. The plaintiff has remarried and has two children by that marriage, two and a half and four and a half years of age. His wife, also, is unemployed.
In 1985 the defendant had no income and now earns $41,860.00 annually as a Cantor and receives "parsonage" in her religious position. She, too, has remarried. Her financial affidavit reflects a shortfall of $622.00 per week which difference is made up by the defendant's husband. During the year 1989, Dr. Goldstein, defendant's husband, had earned income of $175,400.00.
At issue is the support for the parties' two minor children, Jaclyn, 11, and Diana, 8. At the time of the decree, CT Page 3708 support was ordered in the amount of $1,200.00 per month, payable $600.00 on the first and fifteenth of each month. The agreement of the parties, incorporated by reference into the decree, provided that the plaintiff shall contribute $75.00 per month to a college fund for the benefit of the children.
The court finds that there has been a substantial change of circumstances of the parties. The defendant's gross annual income has increased from zero to $41,860.00. The plaintiff's gross annual income has decreased from $82,160.00 to zero. The plaintiff, however, has a productive capacity which he, himself, considers to be at least $40,000.00 gross per year. He clearly has a productive capacity of more than $27,000.00 gross per year based upon his three month position at Arden House.
The parties have agreed that any orders of modification shall be retroactive to September 13, 1990.
Having considered all of the factors of 46b-84 of the General Statutes and the family support guidelines as in effect upon the date of hearing upon this matter, the court reduces child support from $1,200.00 per month to $600.00 per month effective September 13, 1990.
There have been no payments by the plaintiff to the defendant since September, 1990. The first payment of $600.00 by way of support under the original orders was due September 1st. The balance of $300.00 under the new orders is due for the month of September plus $600.00 for each of the months of October through and including the month of February. The arrearage, therefore, under the modified orders is $4,500.00 to April 1, 1991.
The court suspends the payment of the arrearage and the payment of current support until the plaintiff has meaningful employment. It shall, however, accrue as a further arrearage until the plaintiff has income of $500.00 or more per week. The plaintiff is to notify his attorney within forty-eight (48) hours of his employment, and plaintiff's attorney shall, in turn, immediately notify defendant's attorney. The arrearage as it may be determined shall be paid to the defendant over a period of time as affordable by the plaintiff. If the parties are unable to agree upon the period of time over which the arrearage shall be paid, they shall return to court for further orders in this regard. The court's order of support is based upon an anticipated gross income of the plaintiff's of $40,000.00 per year.
Judgment shall enter modifying the decree of December CT Page 3709 6, 1985 in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE