[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION (No. 137)
This matter is before the court on the plaintiff's motion for modification of alimony dated February 25, 1991 claiming a substantial change of circumstances since the date of the original decree of December 12, 1989 at which time an order for $1.00 a year alimony was entered. The plaintiff claims that she has been unemployed since January, 1991, is residing with her mother as she is unable to afford any other accommodations, and that the defendant must have the financial ability to pay more than token alimony because of his purchase of a house for $515,000.00 on July 3, 1991 with a mortgage in the principal amount of $452,000.00.
On February 27, the plaintiff filed her motion for modification of alimony. At that time and until July 2, 1992, the plaintiff was unemployed. However, on July 2 she commenced CT Page 9358 employment with Q Design Group as an Account Executive with net weekly earnings of $575.75. At the time of the decree the plaintiff was earning a net of $587.00 per week. At that time the defendant was earning $207.00 per week.
At the time of the decree the defendant was employed by his own corporation, Focal Group. He continued to be so employed to the present time. As was true in 1989 so, also, today the defendant mixes his personal finances with the finances of Focal Group. It is impossible, then, to determine whether he makes any money in his business. His financial affidavit shows income of $1,200.00 per week and expenses of $2,740.00 per week which includes substantial weekly payments on indebtedness of $123,000.00 (this is corporate and personal indebtedness) and does not include $35,000.00 owed to the IRS.
In July, 1991, the defendant did purchase a home in which he conducts his business at 44 Dayton Road in Redding. The purchase price was $515,000.00. The defendant obtained a mortgage for $412,000.00 from Westport Bank Trust, obtained a second mortgage from the owner, Eleanor Root, for $40,000.00, received $55,000.00 from his father and $15,000.00 of his own funds to purchase the property.
He was behind in his rent at his prior business and home address at 49 Richmondville Avenue in Westport. Based upon the defendant's testimony, this property was owned by Nevas 
Nevas. The defendant owed $72,000.00 in back rent which was compromised at $18,000.00 and upon which he is paying.
The plaintiff is employed by Q Design Group on a contract basis. That contract continues to September 30. She does not know whether her contract will be extended. This court must decide this matter on the parties present financial circumstances and the present income and expenses of the parties. Practice Book 463.
The defendant is 40 years of age. While there was no testimony regarding the plaintiff's age, it was apparent that her age was about the same. The plaintiff's health is apparently good. The defendant limps because of a hip replacement on two occasions and a prosthesis in his left leg. He has arthritis and must wear special shoes. He has had trouble for 21 years with his kidney and bladder, all related to medications taken over the years. The court is impressed that CT Page 9359 he is a hard worker and is struggling in his business. He has no business "sense" and relies upon his accountant.
At the time of the decree, the court ordered alimony of $1.00 per year for a period of three years. The court ordered that the term of alimony was to be nonmodifiable. Alimony, therefore, terminates on December 13, 1992.
Certainly, on the basis of the exhibits, the plaintiff is entitled to the modification of alimony she seeks. Plaintiff's exhibit A shows monthly income for the defendant of $10,000.00 with a further notation: "Extra income from Focal Group, Inc. not included from previous years due to payoff from divorce." This exhibit also showed an account at Prudential Bache of $35,000.00 and a debt owed to the defendant by his father for $20,000.00. Plaintiff's exhibit J (the defendant's individual financial statement) dated March 15, 1991 showed a net worth of $436,000.00, a value for Focal Group, Inc. of $285,000.00 and an annual salary of $176,000.00. The defendant admitted that all of this was lies and that he had furnished this information to the bank to obtain the mortgage loan necessary to purchase the property in Redding. He stated that he was desperate and had to move from his prior location. The court accepts the defendant's explanation that he lied and does not accept the truth of the contents of the exhibits.
This motion is presented to the court pursuant to the provisions of 46b-86(a) of the General Statutes. This section of the statutes requires that the moving party show that there has been a substantial change in the circumstances of either party since the date the current orders were entered. The burden of proof is on the moving party to make a clear showing of a substantial change in circumstances, McGuinness v. McGuinness, 185 Conn. 7, 10 (1981), and that the change was, in fact, substantial. Grinold v. Grinold, 172 Conn. 192, 195
(1976). The court does not find that there has been a clear showing of a substantial change in circumstances or, indeed, that if there is any change, that such change is, in fact, substantial.
The defendant has, as already noted, stated that he lied regarding plaintiff's exhibit A and that he lied about his annual salary. Plaintiff's exhibits A, B and J were signed by the defendant under oath and under criminal penalty for false swearing. A transcript of the hearing in this matter is being CT Page 9360 referred to the United States Attorney's office for the District of Connecticut for investigation and such action as he deems appropriate.
EDGAR W. BASSICK, III, JUDGE