[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION
The plaintiff has moved for modification of the order entered on August 19, 1981 (Maiocco, J.) at which time a decree of dissolution of marriage was entered and an order for $200.00 per week unallocated alimony and support for the defendant and I three minor children. The order for unallocated alimony and support was to be reduced by $50.00 per week as each child reached majority. The youngest child reached majority on August 18, 1988 so that the current order is $50.00 per week as alimony.
The parties were married on December 17, 1965 in Fairfield, Connecticut. At the time of the decree they had been married for fifteen and a half years. The parties had three children issue of the marriage, Michael who was 15 at the time or the dissolution of the marriage, Stacey who was 14 at that time, and Holley (the youngest), previously mentioned, who was 11. CT Page 10500
At the time of the decree the defendant did not appear. She was employed at People's Savings Bank as a teller where she had been so employed for three and a half years. At that time, based upon the plaintiff's testimony, she was earning $6.00 to $7.00 per hour and earning a gross weekly wage of $280.00 per week. He did not know what her net take home pay was at that time.
The plaintiff has been unemployed since May 8, 1992. Prior to his termination of employment with Fairfield Plumbing Supply Company as Department Manager, he was earning a gross weekly wage of $735.00 and a net take home pay of $535.00. He had worked for thirty years in the plumbing supply business.
Based upon the plaintiff's testimony that he has been working for thirty years, the court concludes that he is approximately 48 years of age. Based upon a comment made by defendant's counsel, that the defendant was 34 years of age at the time of the dissolution, the court concludes that the defendant is approximately 45 years of age at the present time. Both of the parties are in apparent good health.
The plaintiff's net income from his unemployment is now $40.00 a week less than his net income as shown in his financial affidavit of August 19, 1981. At that time his net income was $309.49. His current net income from unemployment is $269.00). This represents a 13 per cent decrease in his net income. The defendant, on the other hand, has had an 80 per cent increase in her gross weekly income and, in all probability, a 70 per cent increase in her net weekly income (presumed $225.00 to $303.00).
The plaintiff has remarried. His current spouse is employed at United Technology and grosses $38,000.00 in her position there. Her income may be taken into account in considering the plaintiff's living expenses. McGuinness v. McGuinness, 185 Conn. 7, 12-13 (1981); Logan v. Logan, 13 Conn. App. 298
(198); Manaker v. Manaker, 11 Conn. App. 653 (1987).
The home of the parties at 265 Karen Avenue in Stratford has only recently been sold. The defendant used her share of the proceeds and purchased a condominium. Her total assets are $35,200.00 with liabilities of $5,000.00 for a net worth approximating $30,000.00. The plaintiff's $48,000.00 left CT Page 10501 from the proceeds of the sale of the property at 265 Karen Avenue in Stratford he paid over to his current spouse to reimburse her for his share in the equity of their home at 106 Cedarhurst Lane in Milford. His total assets are $18,100.00 with liabilities of $1,805.00 for a net worth approximating $16,000.00.
The motion is brought pursuant to the provisions of46b-86(a) of the General statutes. Since it involves the issue of alimony, the court must consider the factors of 46b-82 of the General Statutes. In order to grant the plaintiff's motion, the court must find a substantial change of circumstances.
The appellate court has recently stated as follows:
 "Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party. General statutes 46b-54; Viglion v. Viglione, 171 Conn. 213, 215, 368 A.2d 202 (1976); see Clark, Domestic Relations 14.9." Grinold v. Grinold, 172 Conn. 192, 195, 374 A.2d 172 (1976). Case law in the area of modification makes it abundantly clear that three elements must be present in order for the modification to be proper: (1) that the burden of proof is on the moving party to make a clear showing of a substantial change in circumstances; McGuinness v. McGuinness, 185 Conn. 7, 10, 440 A.2d 804 (1981); (2) that the change in circumstances was not contemplated at the time of the entry of the original decree and arose thereafter; Grinold v. Grinold, supra, 195; and (3) that the change was, in fact, substantial. Id.
Vonaa v. Vonaa, 15 Conn. App. 745, 747-748 (1988).
Section 46b-86(a) of the General statutes was amended by P.A. 87-104 to eliminate the requirement that the change of circumstances was not contemplated at the time of the original decree. This change became effective October 1, 1987. The CT Page 10502 Supreme Court, in the case of Darek v. Darek, 210 Conn. 462
(1989), ruled that for any orders prior to October 1, 1987 the provisions of, 646b-86(a) (rev'd. to 1987) would control. Thus the court must find that elements for modification have been demonstrated as set forth in the Vonaa decision, supra.
The burden is upon the party seeking modification to show the existance [existence] of a substantial change of circumstances. Bunche v. Bunche, 180 Conn. 285, 290 (1980).
The court finds the following:
1. There has been a substantial change of circumstances of the, parties.
2. Such substantial change was not contemplated at the time of the decrees.
3. Continued operation of the original order would be unfair and unjust.
The court orders that the original order of $50.00 shall be reduced to $35.00 per week effective from November 5, 1992. The court orders that any arrearage from November 5, 1992 shall be paid forthwith. The court enters an order for immediate wage withholding against the plaintiff's unemployment compensation payments. At such time as the plaintiff has full time employment, the original order of $50.00 per week shall again be in effect.
The plaintiff shall give the defendant notice when he returns to full time employment. His failure to do so may be considered by the court to be contemptuous conduct on his part and dealt with accordingly.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE