[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION AND DEFENDANT'S MOTION FOR CONTEMPT
The plaintiff has filed a motion for modification of alimony and child support pursuant to the provisions of46b-86(a) of the General Statutes claiming a substantial change of circumstances and the defendant has filed a motion for contempt.
A decree of dissolution of the parties' marriage was entered before the Honorable Irving Levine, State Trial Referee, on August 24, 1990. In an amended memorandum of decision filed on October 22, 1940, Judge Levine ordered the plaintiff to pay to the defendant alimony in the amount of $15,000.00 per year and child support in the amount of $6,000.00 per year per child for each of four children for the total amount of alimony and support of $39,000.00 payable in twenty-four (24) equal installments on the first and fifteenth of each month.
At the time of Judge Levine's order, the plaintiff was a senior associate in the New Haven law firm of Bergman, Horowitz Reynolds. That position was lost by the plaintiff on December 31, 1991. The plaintiff had been advised by Bergman, Horowitz in July, 1991 that he would be terminated at the end of the year. During the period July 1 to December 31, the CT Page 921 plaintiff searched for other employment. He has a bachelor's degree from Fairfield University, his law degree from Georgetown University, an LLM from New York University in taxation, is a certified public accountant and has specialized in taxation and commercial transactions in his law practice. He is 36 years of age and in good health.
While the plaintiff registered with search firms in Hartford and New York City, he was unable to find work. In March, 1992 he entered into a contract with McGovern Associates in Greenwich providing for compensation of $5,000.00 per month provided the defendant works no less than three days per week and 90 hours per month. The defendant's annual gross income has thus been reduced from $80,000.00 per year to $60,000.00 per year and from $61,400.00 net disposable income to net disposable income approximating $28,000.00 after deducting self-employment tax, federal income tax, medical insurance premiums of $4,992.00 per year and Connecticut income tax. The amount of net disposable income, however, results in a greater amount by virtue of the court's orders.
The children are presently 16, 11, 8 and 4. The defendant's monthly expenses for the mortgage, insurance and taxes alone amount to $2,959.00. Her total monthly expenses amount to slightly in excess of $5,000.00.
The defendant has argued that the court should consider the plaintiff's anticipated income for 1993 including an anticipated fee from the Warren estate and has presented an analysis of the plaintiff's income as anticipated for 1993. This analysis, however, is based upon predictions as to future income. The following language from the Supreme Court's opinion of Rubin v. Rubin, 204 Conn. 224 at page 237 (1987) must be the court's guide in determining the issue:
 A periodic alimony order, disobedience of which invokes the penalty of contempt, should not exceed the current financial ability to meet it of the party on whom it is imposed and, therefore, should not be premised upon predictions as to future income that depend wholly upon the generosity of others for realization. The authority of a court to modify a periodic alimony order to correspond with changes in CT Page 922 the financial circumstances of the obligor removes any necessity for considering such a contingency as the possibility of a future inheritance.
The issue of the Warren Estate fees is a like issue. The plaintiff and the executor will have to reach an agreement on the amount of those fees and the date or dates upon which the fees shall be paid. There is also the uncertainty of whether McGovern Associates shall be entitled to a portion of the fees received. Practice Book 463 requires an affidavit of "current income, expenses, assets and liabilities. . . ." (Emphasis supplied.) Like reasoning, but addressed to current expenses rather than projected expenses, is set forth in Watson v. Watson, 20 Conn. App. 551, 558 (1990).
The burden is on the party seeking modification to show the existence of a substantial change in circumstances. Bunche v. Bunche, 180 Conn. 285, 290 (1980).
The appellate court has recently stated as follows:
 "Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party. General Statutes 46b-54; Viglione v. Viglione, 171 Conn. 213, 215, 368 A.2d 202 (1976); see Clark, Domestic Relations 14.9." Grinold v. Grinold, 172 Conn. 192, 195, 374 A.2d 172 (1976). Case law in the area of modification makes it abundantly clear that three elements must be present in order for the modification to be proper: (1) that the burden of proof is on the moving party to make a clear showing of a substantial change in circumstances; McGuinness v. McGuinness, 185 Conn. 7, 10, 440 A.2d 804 (1981); (2) that the change in circumstances was not contemplated at the time of the entry of the original decree and arose thereafter; Grinold v. Grinold, supra, 195; and (3) that the change was, in fact, substantial. Id.
CT Page 923
Vonaa v. Vonaa, 15 Conn. App. 745, 747-748 (1988).
Section 46b-86(a) of the General Statutes was amended by P.A. 87-104 to eliminate the requirement that the change of circumstances was not contemplated at the time of the original decree. This change became effective October 1, 1987. The Supreme Court, in the case of Darek v. Darek, 210 Conn. 462
(1989), ruled that for any orders prior to October 1, 1987 the provisions of 46b-86(a) (rev'd. to 1987) would control.
The decree in this case was entered in 1990 so that the issue of contemplation is removed from consideration. If the court then finds a substantial change of circumstances, it then must consider all of the factors of 46b-82 and 46b-84 of the General Statutes and the Family Support Guidelines as mandated by the provisions of 46b-215b of the General Statutes.
The court finds that there has been a substantial change of circumstances. The court finds, further, that continued operation of the original order would be unfair and unjust. The court has considered all of the factors of 46b-82
and 46b-84 of the General Statutes together with the child support guidelines.
The original orders of the court provided separate sums for alimony and for support. It is clear that at present orders for unallocated alimony and support permits a greater amount of the plaintiff's disposable income to be paid to the defendant. By such an order, the plaintiff has a lesser federal and state income tax burden, thus maximizing the amount that can be paid to the defendant. As was said by our Appellate Court in the case of Matles v. Matles, 8 Conn. App. 76, the trial court is afforded broad discretion, where a modification is warranted, in fashioning its new award.
The court on the plaintiff's Motion for Modification orders as follows:
1. The previous orders for alimony and support are modified to provide that the plaintiff shall pay to the defendant the sum of $21,000.00 per year by way of unallocated alimony and support for the defendant and the four minor children, the same to be paid until the earliest of the following events: the death of either of the parties, the CT Page 924 defendant's remarriage, the date the oldest child reaches the age of eighteen (18) years or the death of any one of the children. The unallocated alimony and support shall be paid in twice monthly payments of $875.00, payable on the first and fifteenth of each month. Upon the happening of the oldest child reaching the age of eighteen (18) years or the defendant's remarriage, the parties shall return to court for further orders.
 It is contemplated that the unallocated alimony and support amounts received by the defendant shall be includable in her income under Section 71 of the Internal Revenue Code and deductible by the plaintiff under Section 215 of the Internal Revenue Code.
2. The modification of alimony and support shall be effective with the payment to the defendant on November 15, 1992 as unallocated alimony and support with credit for payments made.
3. The plaintiff is in arrears for unallocated alimony and support as of December 31, 1992 in the amount of $725.00. The court previously ordered $725.00 to be paid on January 1, 1993. This, if paid, will make a total arrearage of $875.00. The court orders the arrearage to be paid in an amount of $175.00 over the next five (5) payment dates.
4. The previous orders regarding life insurance shall remain in full force and effect.
5. The previous orders regarding medical and dental insurance shall remain in full force and effect. The defendant shall have the benefit of the provisions of 46b-84(c) of the General Statutes.
6. The previous orders regarding uninsured and unreimbursed medical and dental expenses shall remain in full force and effect.
7. The court does not find the plaintiff in contempt so that the defendant's Motion for Contempt is denied.
8. Having considered the provisions of 46b-62 of the General Statutes and the indicia of 46b-82 of the General Statutes, the court allows counsel fees to the defendant and orders that $5,000.00 shall be paid to defendant's counsel at such time as the plaintiff receives all or any CT Page 925 portion of counsel fees as counsel to the executor on the Warren estate.
9. Provided the conditions of paragraph one hereof are still in effect, that is: that neither of the parties have died, that the defendant has not remarried, the oldest child has not reached the age of eighteen, or none of the children have died, the plaintiff shall pay, upon receipt thereof, to the defendant as unallocated alimony and support one half of the fee he receives on the Warren estate, after deducting the $5,000.00 provided in paragraph eight hereof and deducting one half the self-employment tax attributable to that fee only.
 It is contemplated that the plaintiff will receive his entire fee in the Warren estate before December 31, 1993. If the fee has not been received before February 6, 1994 or if any of the conditions set forth herein appertain, the parties shall return to court for further orders.
10. The plaintiff shall be entitled to claim the four children as dependents for income tax purposes for the year 1992. The defendant shall execute the necessary Internal Revenue forms to accomplish this.
11. For so long as the orders remain that the plaintiff pay unallocated alimony and support, that is: for the year 1993 and until further modification, the defendant shall be entitled to the dependency exemptions for the minor children.
12. The plaintiff is a self-employed individual. His arrangement with McGovern Associates is as an independent contractor. The court finds that the plaintiff's earnings are not subject to wage withholding. If the court is in error in this regard, it will entertain defendant's request for an order for wage withholding pursuant to 52-362 of the General Statutes.
13. The plaintiff shall submit a monthly income statement to the defendant on or before the tenth day of each succeeding month for the year 1993 and subsequent years and a copy of his income tax return each year within forty-eight (48) hours of the filing of the original with the Internal Revenue Service. The monthly income statements and the copy of the income tax returns shall be certified by the plaintiff as true copies.
14. Except as otherwise modified herein, the original judgment shall remain in full force and effect.
EDGAR W. BASSICK, III, JUDGE CT Page 926