[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came before the court on January 23, 1995 on the plaintiff-husband's motion to modify the award of alimony made at the time of the dissolution on January 31, 1989. At that time the court (Harrigan, J.) awarded the defendant-wife $55 in weekly alimony, without limitation as to duration.
The plaintiff bore the burden of demonstrating "clearly and definitely" a substantial change in circumstances since the entry of the alimony order. Kelepecz v. Kelepecz, 187 Conn. 537, 538
(1982). He need not show that the change of circumstances was uncontemplated at the time the order was entered. Fahy v. Fahy,227 Conn. 515, 516 (1993).
The court finds that there has been a substantial change in the circumstances of the parties since the dissolution decree in 1989. The plaintiff's gross income has increased by approximately 28 percent in the intervening six years; the defendant's by 40 percent. That this, alone, is not sufficient to entitle the CT Page 2390 plaintiff to a modification of his alimony payments, however, is shown by the case of Noce v. Noce, 181 Conn. 145, 150 (1980), where the Supreme Court denied a modification even though the former wife had secured full-time employment at a salary much greater than she was earning at the time of the divorce. Considering all the circumstances of the parties, the trial court denied the modification, and the Supreme Court upheld it.
Considering all the financial circumstances of the parties in this case, the court notes that neither is in great shape financially. It appears to the court that the plaintiff is considerably better off than the defendant. For example, the plaintiff, along with his current wife, owns two cars, has the use of credit cards and can afford to spend $20 weekly on cigarettes. The defendant owns no car, has the use of no credit cards and is required to live in government-subsidized housing.
The court considers the case of McGuiness v. McGuiness,185 Conn. 7 (1981), particularly apposite to this case. In McGuiness
the Supreme Court approved of the trial court's considering the income of the plaintiff's current wife in evaluating his financial situation. "[T]he plaintiff shared his expenses with, and the income of, his new wife, who earns approximately $10,000 per year. The court was correct in considering the income of the plaintiff's wife because it was relevant to his current expenses, a material factor in determining his current net income and, therefore, his ability to pay increased alimony." Id. at 12-13.
In this case the plaintiff's wife is a visiting nurse, and the plaintiff testified that she had income of $20,000 from part-time employment in 1994, an amount approximately equal to the defendant's gross income from full-time employment.
The McGuiness opinion also dealt with another factor present in this case, i.e., the defendant's support of her adult son and its effect on her financial needs. The plaintiff had made an issue of this, claiming that it had contributed to any current need for alimony by the defendant. "We reject the plaintiff's claim that the defendant impermissibly contributed to her own financial problems by partially supporting her son and his friend." Id. at 12. Considering all the facts and circumstances of the parties' financial conditions, this court, too, rejects this aspect of the plaintiff's claims for relief from his present alimony obligation. CT Page 2391
The court also rejects the plaintiff's claim that the fact that the parties' children have reached their majority constitutes a substantial change of circumstances, entitling him to a reduction in his alimony payment. It is true that in Cummockv. Cummock, 180 Conn. 218 (1980), the loss of child support payments was held to be a substantial change of circumstances, justifying a modification in alimony for the party previously receiving the child support payments. This does not seem, however, to be authority for the converse proposition that the relief from child support payments experienced by the plaintiff in this case, when his children reached their majority, is somehow grounds for a further reduction in his financial obligations by a modification of alimony.
In a recent pronouncement on the grounds for modification of financial orders entered in dissolution proceedings the Supreme Court said that "(t)o obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to holdeither party to it." Borkowski v. Borkowski, 228 Conn. 729, 738-39
(1994) (emphasis added). Given the disparate financial circumstances of the parties, the court considers that it would be unjust and inequitable to deprive the defendant of the rather modest weekly alimony award which she is presently receiving. It goes without saying that the court is unwilling to modify the trial court's award of alimony by placing a time limit on it which was not imposed by the court at the time of the dissolution.
The plaintiff's motion to modify alimony is denied. Pursuant to § 46b-62 and considering the criteria set forth in §46b-82, the court awards the defendant counsel fees in the amount of $300. See Fricke v. Fricke, 174 Conn. 602, 603-04 (1978).