ZOLAN, BERNSTEIN, DWORKEN & KLEIN *v.*
HENRY MILONE ET AL.
(2354)

TESTO, HULL and BORDEN, Js.

Argued October 5—decision released November 29, 1983

*Thomas L. Kanasky, Jr.,* for the appellants (defendants).

*Hanon W. Russell,* with whom, on the brief, was *Steven P. Floman,* for the appellee (plaintiff).

HULL, J. The plaintiff instituted this action to recover fees due and owing for accounting services performed

at the defendants' request. The trial court rendered judgment in favor of the plaintiff. From this judgment, the defendants have appealed.[1]

The defendants' sole claim on appeal is that the court erred in concluding that the individual defendants were liable for the debts incurred for the accounting services performed rather than the corporate entities in which the defendants were shareholders.

Between June 1, 1977, and December 31, 1978, the plaintiff, a partnership engaged in the business of providing accounting services, provided such services at the request of the defendants. The defendants failed to pay for these services and this litigation ensued. The plaintiff's amended complaint consisted of two counts. The first count covered the period between June 1, 1977, and June 30, 1978, and alleged that "[a]t all times mentioned herein, the Defendants were in business as Wilfred's and OHM, Ltd." The second count covered the period from September 1, 1977, through December 31, 1978, and alleged that "[a]t all times mentioned herein, the Defendants were in business as Pippin's and/or 1945 Ltd." The defendants filed an answer which generally denied the allegations and they also filed four special defenses. The fourth special defense stated: "If the plaintiff's complaint purports to state a cause of action against Henry Milone and Weide Hoyt, individually, said defendants plead specially as a defense that any alleged services rendered by the plaintiff were rendered at the request of and on behalf of certain corporations and were not rendered on behalf of the named defendants."[2]

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[2] If the defendant desired a more particular or specific statement of the plaintiff's complaint, a request to revise was available to achieve that result. See Practice Book § 147.

The court found (1) that the plaintiff rendered accounting services benefitting the defendants individually, (2) that the services were performed at the request of the individual defendants, (3) that the defendants requested that billing for the services be made to the corporations for the convenience of the individuals, and (4) that the individual defendants' claim of corporate indebtedness was not supported by the weight of the evidence. The court further found that the defendants were not acting in their capacity as officers or shareholders of different corporations, but individually.

The gist of the defendants' claim of error is that the trial court's determination of individual liability for payment of accounting fees was clearly erroneous because the finding of liability was not supported by the more credible evidence. The defendants also claim that individual liability could only be found if fraud sufficient to demand a "piercing of the corporate veil" had been established.

The effect of piercing the corporate veil is to hold an individual responsible for alleged corporate debts. *Antinozzi Associates* v. *Arch Fracker Plumbing & Heating Contractor, Inc.,* 39 Conn. Sup. 375, 379–80 n.3, 465 A.2d 333 (1983). Since the court found that the individual defendants were directly liable for the debt incurred, it is unnecessary for this court to reach the issue of piercing the corporate veil.

The defendants claimed at oral argument that the trial court should have given greater weight to the fact that the corporations were billed rather than the individuals. The record reveals, however, that there was testimony indicating that this billing procedure was a matter of convenience for the individuals involved. Furthermore, it is the duty of an agent to disclose not only the fact that he is acting in a representative capacity, but also the identity of his or her principal if the individ-

ual seeks to avoid personal liability in a business transaction. *Diamond Match Co.* v. *Crute,* 145 Conn. 277, 279, 141 A.2d 247 (1958); *Antinozzi Associates* v. *Arch Fracker Plumbing & Heating Contractor, Inc.,* supra, 379. The individuals or entities with whom an agent deals are not bound to inquire as to whether the person is acting in a representative capacity. Id. It is clear that the plaintiff in this case had no obligation to make a concerted effort, in order to secure payment for services rendered, to determine whether the individuals were merely agents for the corporations.[3]

The defendants claim that the more credible evidence established that the accounting services were performed on behalf of the corporations and that the debt incurred for those services was a corporate debt.[4] The trial court did not agree.

It is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence. *Edgewood Construction Co.* v. *West Haven Redevelopment Agency,* 170 Conn. 271, 272, 365 A.2d 819 (1976). Furthermore, it is a fundamental principle that the trial court is in the best position to determine the facts in a given case, to assess the credibility of witnesses and to weigh their opinions. *Kaplan* v. *Kaplan,* 186 Conn. 387, 391, 441 A.2d 629 (1982); *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981);

---

[3] It should be noted that the court in *Antinozzi Associates* v. *Arch Fracker Plumbing & Heating Contractor, Inc.,* 39 Conn. Sup. 375, 379, 465 A.2d 333 (1983), held that mere payment by corporate check was not sufficient notice that an individual was acting in a representative capacity.

[4] Although the defendants claim that the more credible evidence weighs in their favor, we note that the defendants failed to seek a further articulation of the basis for the trial court's findings as provided in Practice Book § 3082. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222 n.5, 435 A.2d 24 (1980). The failure to seek further articulation has been criticized by the Supreme Court. See *Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 32 n.8, 459 A.2d 498 (1983); *Foster* v. *Waterford,* 186 Conn. 692, 694 n.4, 443 A.2d 490 (1982); *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 376, 441 A.2d 620 (1982).

*Kearney* v. *State,* 174 Conn. 244, 252, 386 A.2d 223 (1978). This court cannot find facts or draw conclusions of fact from primary facts found, but can only review such findings to determine whether they could legally, logically and reasonably be found thereby establishing that the trial court could reasonably conclude as it did. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982); *Grinold* v. *Grinold,* 172 Conn. 192, 194, 374 A.2d 172 (1976).

It is, therefore, not the onus of this court to search the record and transcripts to determine whether the trier of fact could have reached a conclusion other than the one it did. Rather, this court must focus on the conclusion of the trial court, as well as the path by which it arrived at that conclusion, to determine whether it is legally correct and factually supported. *Rodriguez* v. *New Haven,* 183 Conn. 473, 476–77, 439 A.2d 421 (1981); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222, 435 A.2d 24 (1980). After a review of the record and transcripts in this case, we find that the trial court could reasonably and logically conclude as it did. The decision of the trial court was not clearly erroneous in light of the evidence and pleadings in the record as a whole. See Practice Book § 3060D; *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra, 221–22.

There is no error.

In this opinion the other judges concurred.