FRANCIS A. PAUL *v.* FRANCIS T. ZAPPONE ET AL.
(2053)

HULL, DUPONT and BORDEN, Js.

Argued January 10—decision released March 20, 1984

*Scott A. Garver,* for the appellants (defendants).

*Terence D. Mariani,* for the appellee (plaintiff).

PER CURIAM. In an action brought against the defendants, Francis T. Zappone and the Francis T. Zappone Company (Zappone Company), seeking the recovery of fees incurred for services rendered, the court rendered judgment for the plaintiff, Francis A. Paul, against both defendants. The defendants appeal[1] claiming that the court was clearly erroneous in finding the Zappone Company responsible for the sum certain owed to the plaintiff.

The plaintiff, a civil engineer, commenced engineering and survey work on certain real property located adjacent to Meriden Road in Waterbury in March, 1975. The plaintiff had worked for the defendant Francis

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

Zappone on prior occasions and testified that he commenced the work in 1975 at his request. The land survey work was completed by the plaintiff in April, 1976. During the period from 1975 to 1976, the plaintiff periodically billed Francis T. Zappone. Upon completion of the work, the plaintiff claimed that $5538.50 was still due and owing. After several billings, the plaintiff commenced suit against both Zappone, individually, and the Zappone Company of which Zappone was president. The court rendered judgment against both defendants. The defendants appeal claiming that there was no basis for a determination that the company requested or was liable for any debt incurred for services which it claims were rendered at the defendant Zappone's request.

This court cannot find facts or draw conclusions of facts from primary facts found, but can only review such findings to determine whether the trier of fact could legally, logically and reasonably conclude as it did. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982); *Grinold* v. *Grinold,* 172 Conn. 192, 194, 374 A.2d 172 (1976); *Zolan, Bernstein, Dworken & Klein* v. *Milone,* 1 Conn. App. 43, 47, 467 A.2d 938 (1983). A review of the record leads us to the conclusion that the court was clearly erroneous in determining that the defendant Zappone Company was liable for the debt incurred.

The plaintiff testified that Zappone, individually, retained the plaintiff to do the work; that Zappone had retained the plaintiff for work on prior occasions in his individual capacity; that the plaintiff billed Zappone, not the company; that checks received on this account were either from Zappone or from the Gas Light Village, Inc., of which Zappone was president and which was not a party to this suit; that the plaintiff dealt only with Zappone; and that the project was prepared for Zappone. The plaintiff stated that he had no idea what

relationship, if any, there was between Zappone and the company. Francis Zappone testified that he himself engaged the plaintiff to do work for him and that all bills were sent by the plaintiff to him. Zappone, in a letter sent after completion of the work, notified the plaintiff that the Zappone Company was not involved concerning the services rendered. This letter was signed by Zappone as president of the Zappone Company.

We do not pass upon the motivations of the defendants herein, but merely review the record to determine whether the trial court was clearly erroneous. The evidence linking the defendant company to liability for the debt owed to the plaintiff is tenuous at best. Certain project maps used by the plaintiff had the name of the company printed on them. The plaintiff said this was customary so as to list either the name of the title holder or the client. There was testimony that the plaintiff received a letter from Zappone written on company stationery. Francis Zappone, however, stated in this regard that he did not own any personal stationery. Furthermore, the plaintiff conceded at oral argument before this court that this letter did not evidence company liability.

We find that there were insufficient facts upon which to base a finding that the company incurred the debt or that Zappone was acting on behalf of the company. The court's decision was, therefore, clearly erroneous. See Practice Book § 3060D.

There is error; the judgment as to the defendant Francis T. Zappone Company is set aside and the case is remanded with direction to render judgment for the plaintiff against the defendant Francis T. Zappone only.