PETER E. KLOPP ET AL. *v.* THERMAL-SASH, INC., ET AL.
(5758)

DUPONT, C. J., SPALLONE and STOUGHTON, Js.

Submitted on briefs September 14—decision released December 22, 1987

*Peter Upton* filed a brief for the appellant (defendant David C. Colella).

*Louis J. Ruggiero* filed a brief for the appellees (plaintiffs).

SPALLONE, J. The defendant David C. Colella[1] appeals from the judgment of the trial court holding him liable to the plaintiffs for the sum of $2119. We find no error.

The plaintiffs, Peter and Maureen Klopp, brought this action against the three defendants, Thermal-Sash, Inc., Thermal Products of Connecticut, Inc., and Colella, to recover on a stipulated judgment in the amount of $2119 rendered against Thermal-Sash on October 27, 1983.[2] The record reflects that at the time that judgment was rendered, the defendant Colella was the president of Thermal-Sash but that soon thereafter, the company forfeited its charter and Colella formed Thermal Products, which provided the same basic services as Thermal-Sash.

The complaint in the present action consisted of two counts: (1) that all three defendants participated, together and individually, in the transfer of assets from

---

[1] Only the defendant David C. Colella has appealed to this court. We will refer to him in this opinion as the defendant.

[2] The original action against Thermal-Sash was for the recovery of the $2119 deposit paid by the plaintiffs for the installation of insulated glass replacement windows. The sales agreement was signed by both plaintiffs and David C. Colella.

Thermal-Sash to Thermal Products with the intent of avoiding the debt due to the plaintiffs; and (2) that the two corporations were merely an instrumentality of the defendant Colella, and that there has been such a commingling of assets between the three defendants that either Thermal Products or Colella could be held accountable for the judgment against Thermal-Sash.[3] After a trial to the court, judgment was rendered in favor of both Thermal-Sash and Thermal Products, but against the individual defendant Colella. In its memorandum of decision, the court found that Colella had deliberately engaged in behavior intended to hinder the collection of this debt.

The defendant's sole claim in his appeal to this court is that the trial court erred by "piercing the corporate veil" and holding the defendant liable for a debt generated by Thermal-Sash. The trial court found that Thermal Products did not assume the debts of Thermal-Sash and, therefore, was not liable for the judgment previously rendered. It further found that the individual defendant allowed Thermal-Sash to forfeit its corporate charter in order to avoid this, and other debts, thereby causing him to be personally liable.[4] "Since the court

---

[3] The second count sets forth allegations involving the individual defendant only, claiming that the corporate defendants were mere instrumentalities and the alter egos of the defendant, David C. Colella. Under Connecticut law, the corporate veil may be pierced by use of either the "instrumentality" or "identity" rules. See *Saphir* v. *Neustadt*, 177 Conn. 191, 413 A.2d 843 (1979). Although the "identity" or "alter-ego" doctrine has been primarily applied to reach beyond the veil to another corporation, it may also be employed to hold an individual liable. *Falcone* v. *Night Watchman, Inc.*, 11 Conn. App. 218, 221, 526 A.2d 550 (1987), citing *Saphir* v. *Neustadt*, supra, 209–10; *Zaist* v. *Olson*, 154 Conn. 563, 575, 227 A.2d 562 (1967).

[4] The court's finding that Colella was personally liable leads us to conclude that the court did not impose liability on him vicariously, under the second count, as claimed by the defendant. "When a corporation is nonexistent or insolvent, creditors are likely to attempt to find another entity or individual to answer for its debts. One method often tried is to impose liability on the corporation's shareholders, *not because the shareholders are independently personally liable,* but because the shareholders are consid-

found that the individual [defendant was] directly liable for the debt incurred, it is unnecessary for this court to reach the issue of piercing the corporate veil." *Zolan, Bernstein, Dworken & Klein* v. *Milone,* 1 Conn. App. 43, 45, 467 A.2d 938 (1983).

Beyond the support for this specific finding, we cannot go. The memorandum of decision provides neither the legal nor factual bases upon which the court rested its decision, and the defendant took no action to rectify this deficiency. As both this court and our Supreme Court have frequently reminded litigants, "[t]he appellant bears the burden of presenting an adequate appellate record and generally we will not remand a case to correct a deficiency the appellant should have remedied. *Barnes* v. *Barnes,* 190 Conn. 491, 493–94, 460 A.2d 1302 (1983). Where the basis of the trial court's decision is unclear, proper utilization of the motion for articulation serves to dispel any ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision. Id., 494. The defendant could have requested such clarification by moving for articulation pursuant to Practice Book § [4051], but it did not." *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* 196 Conn. 233, 239, 492 A.2d 159 (1985); see also *Caracansi* v. *Caracansi,* 4 Conn. App. 645, 648–49, 496 A.2d 225 (1985); *Urban* v. *Leggio,* 1 Conn. App. 226, 228, 470 A.2d 1226 (1984).

There is no error.

In this opinion the other judges concurred.

---

ered one and the same as the corporation and thus liable in the same way and to the same extent as is the corporation." (Emphasis added.) 7 Z. Cavitch, Business Organizations § 154.03 [1].