CITYTRUST *v.* JOANNA W. PAGE ET AL.
(10017)

DALY, FOTI and LAVERY, Js.

Argued June 12—decision released July 7, 1992

*Frederic S. Ury,* for the appellants (named defendant et al.).

*Richard J. Buturla,* for the appellee (plaintiff).

PER CURIAM. We have fully reviewed the claims on appeal and the parties' briefs regarding those claims. We have also reviewed the record of this case.

Although much of the trial testimony was disputed, the credibility of witnesses, the findings of facts and the drawing of inferences are all within the province of the trier of fact. *Grayson* v. *Grayson,* 4 Conn. App. 275, 293, 494 A.2d 576 (1985), appeal dismissed, 202 Conn. 211, 520 A.2d 225 (1987). "It is futile to assign error involving the weight of testimony or the credibility of witnesses." *Slattery* v. *Maykut,* 176 Conn. 147, 149, 405 A.2d 76 (1978). This court can neither retry the facts in order to make our own findings nor pass on the credibility of witnesses; *Lupien* v. *Lupien,* 192 Conn. 443, 445, 472 A.2d 18 (1984); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979); "but can only review such findings to determine whether they could legally, logically and reasonably be found thereby establishing that the trial court could reasonably conclude as it did." *Zolan, Bernstein, Dworken & Klein* v. *Milone,* 1 Conn. App. 43, 47, 467 A.2d 938 (1983).

Appellants have the burden of showing that there was error in the judgment from which an appeal is taken. *Messenger* v. *Messenger,* 18 Conn. App. 825, 559 A.2d 1193 (1989). We conclude that the defendants have not met their burden in this case.

The judgment is affirmed.