[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
In her revised complaint, the plaintiff, Leonore Izen Fishman alleges the following facts, which on a motion to strike are assumed by the court to be true, Blacato v. Feldspar, 203 Conn. 34,522 A.2d 1235 (1987). On June 3, 1989, the plaintiff entered into an agreement with defendant L M Development, Inc. and defendant Louis O. Thibeault to purchase a new house built by them in Litchfield. L M is in the business of constructing single-family residences and Thibeault was an officer and shareholder of L M and also personally in charge of construction details for L M, including the house in issue. The contract, which is attached to the complaint, provides that the house would be built to certain specifications, in compliance with applicable codes and regulations and in a workmanlike manner. On August 11, 1989, CT Page 8088 the plaintiff purchased the house for $340,000.
In count one, the plaintiff sues L M and Thibeault ("the defendants") for breach of the purchase and sale agreement in that the house was not built in accordance with the plan, codes or regulations in various ways. As a result of the unworkmanlike construction, the house is sinking, causing the plaintiff suffering and money damages. The plaintiff notified the defendants of the problems but they refused or neglected to remedy them sufficiently. The plaintiff further alleges facts purporting to hold Thibeault liable for the acts of L M.
In count two, the plaintiff incorporates the allegations in count one and further alleges that the defendants breached implied new home warranties contained in General Statutes 47-118. In count three, the plaintiff also incorporates the allegations in count one and further alleges that the defendants breached the implied warranty with certificate of occupancy contained in 47-121.
Counts four and five are directed solely at Thibeault. Count four alleges that he intended to induce the plaintiff to enter into the contract based upon false representations. Count five alleges that Thibeault negligently supervised the construction of the house in various ways.
Counts six, seven and eight are directed at L M and Thibeault. Count six alleges that the defendants misrepresented the quality of the soil and its suitability to support a foundation. In count seven, the plaintiff incorporates the allegations in count six and further alleges that the misrepresentations and nondisclosures constitute a violation of General Statutes 42-110b ("CUTPA"). Count eight also incorporates the allegations in count six and alleges that the plaintiff can only be made whole by rescinding the contract. Counts nine, ten, eleven and twelve are directed to the town of Litchfield and its building inspector, which are not parties to the present motion.
L M and Thibeault filed an amended motion to strike counts one through eight and the prayer for relief, insofar as it seeks punitive damages for counts four and six, on the ground of legal insufficiency. In their memorandum of law, the defendants assert that the allegations in counts one through four are legally insufficient to hold Thibeault personally liable for the alleged acts or omissions of L M. They argue that the facts alleged are insufficient to pierce the corporate veil. The defendants further argue that Thibeault cannot be held personally liable for the acts alleged in counts five through eight for the above reason and also because a corporate officer is not vicariously liable for the corporation's torts. Regarding the prayer for punitive damages, the defendants contend that counts four and six contain no allegations that the defendants acted willfully or wantonly, rendering the prayer for relief legally insufficient. The plaintiff filed a memorandum of law opposing the motion. CT Page 8089
A motion to strike tests the legal sufficiency of the facts alleged in a complaint and in the prayer for relief. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
1.
The defendants argue that counts one through eight should be stricken because they fail to allege facts sufficient to pierce the corporate veil. The plaintiff counters that in counts four through eight, she is not attempting to pierce the corporate veil because she alleges direct causes of action against Thibeault personally. She further argues that counts one through three allege facts sufficient to state a claim for piercing the corporate veil and for holding Thibeault personally liable.
"[A]n officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby." Scribner v. O'Brien, Inc.,169 Conn. 389, 404, 363 A.2d 160 (1975). Thus the plaintiff may assert claims against a corporate officer without needing to allege facts that would justify piercing the corporate veil.
Counts four through eight, as summarized supra, allege acts or omissions committed by Thibeault directly. Therefore, the plaintiff need not allege facts to pierce the corporate veil, and that the motion to strike counts four through eight on this ground is denied.
In counts one through three, however, the plaintiff does attempt to impose liability upon Thibeault for acts of L M by piercing the corporate veil.
Connecticut recognizes two theories for piercing the corporate veil: the instrumentality rule and the identity rule. Klopp v. Thermal-Sash, Inc., 13 Conn. App. 87, 89 n. 3, 534 A.2d 907 (1987).
 The instrumentality rule imposes individual liability for corporate actions upon a shareholder, director, or officer of a corporate entity that is, in economic reality, the instrumentality of the individual. . . . We have consistently held that the instrumentality rule requires, in any case but an express agency, proof of three elements: (1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive CT Page 8090 legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.
(Citations omitted.) Campisano v. Nardi, 212 Conn. 282, 291-92,567 A.2d 907 (1989).
"The identity rule, on the other hand, has been expressed as follows: If plaintiff can show that there was such a unity of interest and ownership that the independence of the corporation had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise." (Citation omitted.) Saphir v. Neustadt, 177 Conn. 191, 210,413 A.2d 843 (1979). Although the identity rule usually operates to pierce the corporate veil of another corporation, it has also been used to hold an individual liable. Klopp, supra, 89 n. 3.
In paragraph 15 of counts one through three the plaintiff purports to allege the instrumentality rule. The plaintiff alleges:
 15. Louis O. Thibeault has dominated the policies and business practices of L M Development, Inc. by exercising control over said corporation with respect to the contract, breaches and statutory violations as alleged herein and L M Development, Inc. had in affect [sic] no separate mind, will or existence of its own. Louis O. Thibeault further arranged to have L M. Development, Inc. divest itself of its assets without receiving fair consideration at a time when Louis O. Thibeault knew of the structural problems referred to herein.
She also alleges that Thibeault transferred assets belonging to L M for less than adequate consideration in an effort to render L M insolvent.
In count one, the plaintiff has alleged that Thibeault dominated the transactions involving the purchase and sale of the house at issue so that L M had no separate existence; that such control was used by Thibeault to breach the parties' contract and to divest L M of assets; and that the plaintiff was injured because Thibeault caused the faulty construction and may have rendered L M insolvent. The allegations in counts two and three for breaches of implied warranties similarly set forth the above allegations regarding corporate control. Counts one, two and three allege sufficient facts to state a claim for piercing the corporate veil of L M. Counts one through three are not stricken for insufficiently alleging facts to state a claim under the identity rule, which is the defendants' other reason for striking these claims, because counts one through three sufficiently CT Page 8091 allege facts to state a claim for piercing the corporate veil under the instrumentality rule. Alarm Applications v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980) ("if facts provable under the allegations would support a cause of action, the motion to strike must fail."). The court denies the motion to strike counts one through three and does not consider the defendants' other argument.
II.
The defendants also seek to strike the prayer for punitive damages as to counts four and six. Both counts seek damages for misrepresentations allegedly made by Thibeault and L M.
"To furnish a basis for recovery of [punitive] damages, the pleadings must allege . . . wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought. . . . A wilful and malicious injury is one inflicted intentionally without just cause or excuse." (Citations omitted.) Markey v. Santangelo,195 Conn. 76, 77, 485 A.2d 1305 (1985). "In an action for fraud, the plaintiffs are entitled to punitive damages. . ." DeSantis v. Piccadilly Land Corporation, 3 Conn. App. 310, 315, 487 A.2d 1110 (1985).
Allegations of misrepresentation sufficiently allow the plaintiff to seek punitive damages. The court denies the motion to strike the prayer for punitive damages as to counts four and six.
Counts one through three sufficiently allege facts to state a claim for piercing the corporate veil. Counts four through eight allege direct causes of action against Thibeault, and do not need to allege facts that would state a claim for piercing the corporate veil. The facts alleged in counts four and six support a prayer for punitive damages. The defendants' motion to strike is denied.
PICKETT, J.