[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This controversy concerns whether a $100,000 payment by the plaintiffs to the defendants was a loan as claimed by the plaintiffs or a capital contribution as asserted by the defendants. The plaintiffs are Stanley and Sally Flaxman, and the defendants are Interbrands, Inc. (Interbrands), and Rolf and Martha G. Andersen. In the first count of their six count complaint, the plaintiffs allege that in June, 1989, they loaned $100,000 to Rolf Andersen payable on demand. In the second count, the plaintiffs claim that the loan was to Interbrands, a company importing and distributing alcoholic beverages. In the third count, the plaintiffs refer to an alleged oral agreement with Rolf Andersen to advance him $100,000 as part of a plan "to amalgamate family stock interests with a third party," and claim that the proposal was never consummated. In the fourth count, the plaintiffs contend that Andersen used the $100,000 to invest in Interbrands "without permission of the plaintiffs." In the fifth and sixth counts, the Flaxmans allege that the defendants Rolf Andersen and Interbrands were unjustly enriched. The defendants denied the allegations of the complaint. CT Page 3669
This case was referred to Attorney Melvin J. Silverman, an attorney trial referee, in accordance with General Statutes 52-434 (a) and Practice Book 428 et seq. The referee conducted a trial and then filed a report containing a number of findings of fact, including: (1) that Rolf Andersen is the president and major stockholder of Interbrands; (2) that in July, 1989, plaintiffs transmitted $50,000 to Interbrands' bank account and did the same a month later for a total of $100,000; (3) that there is nothing in writing to characterize the transaction as a loan, gift, purchase of stock or anything else; (4) that in November, 1990, Rolf Andersen personally paid $3,000 in interest on the $100,000 to the plaintiffs; and (5) that in a letter to Mrs. Flaxman, dated September 18, 1990, Rolf Andersen characterized the $100,000 as a "loan" to Interbrands.[1] Based on these findings of fact, the attorney trial referee concluded that the money sent to Interbrands was a loan that the corporation was obligated to repay to the plaintiffs, which included interest at the legal rate.
The defendants, pursuant to Practice Book 438, moved to correct the report, claiming that: (1) the $100,000 was not a "loan" to Interbrands and was reflected on the corporation's books as "capital" and the parties never intended that the money constituted a loan; (2) the $100,000 was an "investment" by the plaintiffs in Interbrands as part of an agreement by which Interbrands became an agent to promote the sale of a beer produced by SJ Bunker Hill, Inc., a company owned in part by Sally Flaxman; and (3) the reference to a loan in the letter from Rolf Andersen to Mrs. Flaxman was irrelevant and, in any event, constituted an offer of settlement which should not have been admitted into evidence.
The referee declined to make any substantive changes to his report, but he did reiterate the following: (1) that Rolf Andersen conceded the $100,000 was a loan and that the letter in which he made the concession was not an offer of settlement but rather was a factual admission of liability as described in Tomasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194, 198-99, 602 A.2d 1011 (1992); (2) that defendants did not offer any credible evidence that the $100,000 was listed on the corporation's books as capital; and (3) that pursuant to an alternative theory of recovery based on unjust enrichment, Interbrands had benefited from the $100,000 and was not entitled to any offsets for expenditures in connection with its marketing of a beer because the loan and the promotion of the beer were two separate transactions.
The defendants then filed exceptions to the referee's report pursuant CT Page 3670 to Practice Book 439, including the required transcript. The exceptions repeat the substance of the motion to correct and again contend that the referee's report should be amended to indicate: (1) that the $100,000 was paid to Interbrands is part of an agreement to market beer, an agreement which was partially performed; (2) that in its capacity as an agent for promoting the sale of the Bunker Hill lager beer, Interbrands had expended a great deal of money, which should be offset against any recovery by the plaintiffs; and (3) that Interbrands obtained the $100,000 as a capital contribution and the parties never mutually agreed or intended the money to constitute a loan. Regarding the scope of this court's authority in reviewing an attorney trial referee's recommendations as to the facts of a given case, it is very clear that such review is limited. The Connecticut Supreme Court has stated that: (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Dills v. Enfield, 210 Conn. 705, 714, 557 A.2d 517 (1989). Our role is to determine whether the conclusions of fact and law by the referee "are legally and logically correct and whether they find support in the facts found by the referee." Bernard v. Gershman, 18 Conn. App. 652,656, 559 A.2d 1171 (1989); Practice Book 440. This procedure appears to be similar to that employed by an appellate court in reviewing a decision of the trial court. "On appeal, our review is limited to a determination of whether the trier's findings are clearly erroneous . . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . ." (Internal quotation marks and citations omitted.) Fortier v. Newington Group, Inc.,30 Conn. App. 505, 509, 620 A.2d 1321 (1993).
Therefore, the first issue is whether the referee's factual findings are supported by the record. A review of the transcript indicates, among other things, that in February, 1991, an attorney for the plaintiffs demanded repayment of $100,000 and referred to the money as a "loan." In his deposition, which was admitted as an exhibit at the trial, Rolf Andersen conceded that he paid $3,000 to Mrs. CT Page 3671 Flaxman, and that the plaintiffs did not receive any shares of stock, warrants or any document indicating that the $100,000 was a contribution to capital, and that the corporation's books did not carry these funds as capital. Stanley Flaxman's deposition was also admitted in evidence and he testified that the money "went to Rolf from me as a loan until this was finalized." The "this" referred to a proposed arrangement between Flaxman, Andersen and a Ben Callari to pool their respective interests in their own companies into one holding company, but this plan never materialized. At another point, Mr. Flaxman stated that the money "was an interim loan until we consummated the deal" but that he expected to be repaid if the deal never went through.
Of course, there was testimony in the record to the contrary by Mr. Andersen, in which he characterized the $100,000 as a contribution by the plaintiffs to capital. However, "[a]lthough much of the trial testimony was disputed, the credibility of witnesses, the findings of facts and the drawing of inferences are all within the province of the trier of fact . . . . It is futile to assign error involving the weight of testimony or the credibility of witnesses . . . . This court can neither retry the facts in order to make our own findings nor pass on the credibility of witnesses . . . but can only review such findings to determine whether they could legally, logically and reasonably be found thereby establishing that the trial court could reasonably conclude as it did." (Internal quotation marks and citations omitted.) Citytrust v. Page, 28 Conn. App. 907, 908,610 A.2d 197 (1992). In reviewing the motion to correct and exceptions, one senses that the defendants are attempting to substitute their own version of the facts for those found by the referee, a practice which was discountenanced in Argentis v. Gould, 23 Conn. App. 9,19, 579 A.2d 1078 (1990).
The next issue is whether the referee's conclusion that the transaction represented a loan and that the plaintiffs were entitled to recover $100,000, less credit for interest paid, plus interest on the outstanding balance follows, logically and legally from his factual findings. The conclusion was based, among other things, on the finding that the defendants acknowledged that the money paid to Interbrands was a loan. The record supports this finding.
The defendants also filed objections to the acceptance of the report, Practice Book 440. The objections repeat the contentions contained in the motion to correct and in the exceptions concerning the characterization by the referee of the $100,000 as a loan rather than a capital contribution to Interbrands. CT Page 3672
Based on the standard of review in Dills v. Enfield, supra, I could neither find nor determine that the attorney trial referee's conclusion about the existence of a loan was unwarranted, illegal or illogical. To the contrary, in the words of Practice Book 440, his recommendations were "properly reached on the basis of the subordinate facts found." The referee was obliged to ascertain the intent of the parties and "what the parties intended to include in their [agreement] is a question of fact." Four D's, Inc. v. Mattera, 25 Conn. App. 308, 312,594 A.2d 484 (1991). "Absent clear error, [the court] will not disturb the trier's factual findings." Id., 314.
Thus, no material error in the referee's report has been found, or any other sufficient reason why it is unacceptable; see Practice Book 443. Therefore, judgment is entered in accordance with the report of the attorney trial referee in favor of the plaintiffs to recover the balance of the loan, plus interest at the legal rate from the date of demand. If the parties are unable to agree on the exact amount of the debt, including credit for interest paid to the plaintiffs, the matter should be claimed to the short calendar for such calculation.
Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 5 day of April, 1994.
William B. Lewis, Judge.