[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#108)
CT Page 2948
On October 27, 1994, the plaintiff, Gary J. Cucuel, filed a seven count revised complaint against the defendants Ali Fayed and The Ritz Paris Enterprises, Ltd. (Ritz Paris), alleging several causes of action relating to the alleged breach of an employment agreement between Cucuel and Ritz Paris and Fayed. The first count of the revised complaint alleges that, in June of 1990, Cucuel, a police officer for the town of Greenwich, entered into an agreement with Fayed and Ritz Paris, calling for Cucuel to perform, among other things, caretaker and chauffeuring duties for a period of three years. The first count further alleges that in December of 1990, the "defendant" notified Cucuel that his services were no longer required. After some negotiation, the first count alleges that the parties agreed that Cucuel would work for the American Red Cross (Red Cross) for the balance of his three year term of employment and that he would continue to be compensated by the "defendant" in accordance with the terms of the employment agreement. Cucuel further alleges that on October 9, 1992, "the defendants" instructed him to discontinue his work for the Red Cross and to report to Xhema Remodeling Company (Xhema) to drive carpenters back and forth to New York City for the remainder of the term of the agreement. Cucuel alleges that when he chose not to report to Xhema, but instead to "honor his written contractual agreement" with the Red Cross, the defendants ceased to pay Cucuel his salary or to provide him with any benefits effective October 1, 1992.
The first count of Cucuel's revised complaint alleges a breach of contract in connection with the defendants' failure to pay Cucuel's salary and benefits. The second count incorporates all of the allegations of count one and alleges further that the defendants induced Cucuel to terminate his employment with the Greenwich police department. Cucuel alleges that such conduct was "willful, wanton, outrageous and reckless, which conduct forms the basis for a distinct cause of action as set forth by the Supreme Court of Connecticut in the case of Warner v. Leslie ElliottConstructors, Inc., 194 Conn. 129, [479 A.2d 231] (1984)." The third count alleges that the conduct alleged in the first two counts constitutes a CUTPA violation. The fourth count incorporates all of the allegations of the first and second counts and further alleges that the defendants opposed Cucuel's application for unemployment benefits, thereby delaying receipt of those benefits. Cucuel alleges that such conduct was "willful, CT Page 2949 wanton, reckless and vexatious" which also states a cause of action as set forth in Warner v. Leslie Elliott Constructors, Inc.. Id. The fifth count incorporates the allegations of the forth count and alleges that such conduct constitutes a CUTPA violation. The sixth count incorporates all of the allegations of the fifth count and alleges intentional, or alternatively, negligent infliction of emotional distress. The seventh count incorporates the allegations of the first count and further alleges that Fayed used Ritz Paris to hinder and delay Cucuel "in collection of his claim against the defendant Ali Fayed" and that Fayed is liable upon a theory of piercing the corporate veil.
On November 25, 1994, the defendants filed a motion to strike all seven counts contained in Cucuel's revised complaint as to Fayed and the second through sixth counts as to Ritz Paris. In support of their motion, the defendants filed a supporting memorandum of law.[1]
Cucuel filed a memorandum of law in opposition to the defendants' motion to strike on January 3, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). In ruling upon a motion to strike, the court must "take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff." Westport Bank Trust Co. v.Corcoran Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). "Grounds other than those specified [by the moving party] should not be considered by the trial court in passing upon a motion to strike." Morris v. Hartford Courant Co., 200 Conn. 676, 682,513 A.2d 66 (1986).
A. First through Sixth Counts as against Fayed Individually
The defendants have moved to strike counts one through six of the plaintiffs' complaint as against Fayed individually, on the ground that Cucuel has failed to allege facts sufficient to pierce the corporate veil and that hence, Cucuel has failed to allege a cognizable cause of action as against Fayed. Cucuel argues in response that he has alleged sufficient facts to pierce the corporate veil and thus has stated valid claims against Fayed. CT Page 2950
"[A] fundamental attribute of the corporate form is that it shields the shareholders, directors and officers from personal liability." Campisano v. Nardi, 212 Conn. 282, 288, 562 A.2d 1
(1989). Nevertheless, the corporate veil may be pierced to hold a shareholder, officer or director of a corporation personally liable for wrongdoing "[w]hen the statutory privilege of doing business in the corporate form is employed as a cloak for the evasion of obligations as a mask behind which to do injustice, or invoked to subvert equity . . . ." United Electrical Contractors, Inc. v.Progress Builders, Inc., 26 Conn. App. 749, 754, 603 A.2d 749
(1992).
Paragraph one of the first count of Cucuel's revised complaint alleges that "[o]n or about June, 1990, the Plaintiff, Gary J. Cucuel and the Defendants entered into a contract of employment . . . ." (Emphasis added.) Paragraph 13 of the first count alleges "[t]he Defendants breached their contract and agreement with the Plaintiff and as a result Plaintiff has suffered financial loss and damages . . . ." (Emphasis added.) The court notes that in the revised complaint, the use of the plural "defendants" alleges that both Fayed and Ritz Paris were parties to the contract of employment with Cucuel. As such, Fayed has not used Ritz Paris as a cloak for the evasion of obligations; rather, according to the allegations in count one of the complaint, Fayed is bound by, and breached the terms of the contract in his individual capacity just as Ritz Paris allegedly did. The same can be said of the second through sixth counts of the revised complaint. In each count the allegations are made against both defendants, not just Ritz Paris. There is no need, therefore, to pierce the corporate veil because the wrongful acts alleged in the first six counts are alleged to have been committed by Fayed individually as well as by Ritz Paris. Accordingly, the defendants' motion to strike counts one through six of Cucuel's revised complaint on the ground that Cucuel has failed to allege facts sufficient to pierce the corporate veil is denied.
B. Seventh Count
The defendants also argue that the seventh count of Cucuel's complaint should be stricken as to Fayed because insufficient facts are alleged to pierce the corporate veil. The seventh count incorporates all of the allegations of the first count, and adds allegations that Ritz Paris was either the instrumentality or alter ego through which Fayed "personally did business, signed contracts, and thus attempted to avoid personal liability." The second count CT Page 2951 further alleges that Ritz Paris was used by Fayed in "a wrongful attempt to hinder and delay the plaintiff in his collection of his claim" against Fayed. The defendants argue that count seven fails to allege sufficient facts to make the defendant liable under a theory of piercing the corporate veil.
"Under Connecticut Law, the corporate shield may be disregarded either under the `instrumentality' or `identity' rule[s] . . . ." United Electrical Contractors, Inc. v. ProgressBuilders, Inc., supra, 26 Conn. App. 755. "Under the instrumentality rule, . . . proof of three elements is required: (1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of." (Internal quotation marks omitted). Id., 756. "Under the `identity rule' . . . the corporate veil may be pierced when the plaintiff shows such a unity of interest and ownership that the independence of the corporation had in effect ceased or had never begun, [and that] an adherence to the fiction of the separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise." Id.
In Regulbuto v. General Health Management, Inc.,3 Conn. L. Rptr. 686, (January 29, 1991, Clarke, J.), the court granted the defendant's motion to strike a breach of employment contract claim against the individual owner of the defendant corporation because the plaintiff had failed to allege facts sufficient to pierce the corporate veil under the instrumentality rule. In the complaint at issue there, the plaintiff had alleged that "[t]he individual defendant is the majority and/or sole stockholder of the defendant corporation and the defendant corporation owns all of the stock of its subsidiary corporations. The individual defendant controls and dominates the business affairs and decision making of the defendant corporation and its subsidiaries thereby depriving the defendant corporation and its subsidiaries of an independent will or existence." Id. The court characterized these allegations as "merely conclusions of law with insufficient facts to support CT Page 2952 them," thereby finding that the plaintiff had failed to sufficiently allege the element of control necessary to find the individual defendant liable under the instrumentality rule. Id.
In contrast, in Fishman v. L M Development, Inc.,7 CSCR 1118 (August 26, 1992, Pickett, J.) the court denied a motion to strike several counts of a complaint alleged against an individual defendant on a theory of piercing the corporate veil. There, the complaint alleged that the individual defendant dominated and controlled the will of the corporate defendant specifically with respect to the real estate transaction at issue in the suit. The court held that the allegations satisfied the requirements of the instrumentality rule, and denied the motion to strike.
The present case seems to contain elements of both of the above cited cases. The allegations made by Cucuel in the seventh count of his complaint appear very similar to the "conclusions of law" made by the plaintiff in the Regulbuto case. Yet, by including by reference all of the allegations of the first count of his revised complaint, count seven contains the necessary facts from which one could infer that if Ritz Paris breached its agreement with Cucuel, it did so as the instrument of Fayed. Hence, construed in the manner most favorable to the plaintiff, Cucuel has alleged sufficient facts to pierce the corporate veil under the instrumentality rule as to the breach of contract cause of action. Accordingly the motion to strike the seventh count is denied.[2]
C. Second Count
The second count of Cucuel's revised complaint incorporates the allegations of the first count of the revised complaint and further alleges that the defendants induced Cucuel to give up his job with the Greenwich Police Department and his other part time employment in order to work for the defendants. Cucuel alleges the this conduct was "willful, wanton, outrageous and reckless, which conduct forms a distinct cause of action as set forth . . . in the case of Warner v. Leslie-Elliot Constructors, Inc., 194 Conn. 129, (1984)." The defendants have moved to strike the second count on the ground that there is no recognized cause of action for willful, wanton, outrageous and reckless conduct in the employment context. The defendants argue that the cause of action discussed by the court in Warner was brought pursuant to a statute and that, in the absence of such a statute, no cognizable cause of action exists. CT Page 2953
The plaintiff argues in response that a common law cause of action for willful, wanton, outrageous and reckless conduct is cognizable. In support of his argument, the plaintiff cites several cases that discuss one or more of the subject terms in the context of intentionally tortious conduct. The cases do not suggest, however, that a state of mind characterized by willfulness, wantonness, outrageousness or recklessness unaccompanied by corresponding misconduct creates an actionable claim.
In the present case, the plaintiff has failed to allege wrongful conduct sufficient to sustain an underlying tort, such as misrepresentation or fraud, that the defendants' state of mind, as alleged, would support. The allegations that the defendants induced the plaintiff to leave his former employer and subsequently breached a contract accompanied by the state of mind alleged in the second count do not allege a recognized tort. Hence, the motion to strike the second count of the complaint is granted as to both defendants.
D. Third and Fifth Counts
The defendants have moved to strike the third and fifth counts of the revised complaint on the ground that a CUTPA violation cannot arise out of the employment relationship. In support of their argument, the defendants cite Quimby v. Kimberly Clark Corp.,28 Conn. App. 660, 670, 613 A.2d 838 (1992) for the proposition that "the employer-employee relationship does not fall within the definition of trade or commerce for the purposes of an action under CUTPA."
In response, Cucuel argues that a failure to allege specifically that the defendants were engaged in trade or commerce does not automatically render a CUTPA claim legally insufficient. Cucuel argues further that not all of the allegations in the revised complaint arise out of the employer-employee relationship.
"In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a `trade or business.'" Quimby v. Kimberly Clark Corp., supra,28 Conn. App. 669. "The terms trade and commerce are defined in General Statutes § 42-110a (4) as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property tangible or intangible, real, personal, or mixed, and any other article, CT Page 2954 commodity or thing of value in this state." Id., 670. Even if some of the allegations of the third and fifth counts of Cucuel's revised complaint allege conduct that does not fall neatly within the employer-employee relationship, that conduct does not involve trade or commerce pursuant to the above definition and hence cannot support a CUTPA claim. See Regulbuto v. General Health Management,Inc., supra, 3 Conn. L. Rptr 686. Accordingly, the defendants' motion to strike the third and fifth counts of Cucuel's complaint is granted.
E. Fourth Count
In the fourth count of the plaintiff's revised complaint, Cucuel alleges that the defendants' opposition to Cucuel's application for unemployment benefits was willful, wanton, reckless and vexatious. The defendants have moved to strike this count on the ground that they had an absolute privilege to oppose Cucuel's application pursuant to General Statutes § 31-241.
Cucuel argues in his memorandum of law in opposition to the motion to strike that the motion's reliance upon General Statutes § 31-241 makes the defendants' motion a speaking motion. "[A]lleging affirmative matter makes [a motion to strike] the equivalent of a `speaking motion to strike,' which is not proper."Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83,415 A.2d 771 (1979). The allegation that Cucuel's claim, as alleged in the fourth count of his revised complaint, is barred by General Statutes § 31-241 is the allegation of affirmative matter. See Rogers v. Black Veatch, Superior Court, judicial district of New Haven at New Haven, Docket No. 314669 (May 25, 1994, Gray, J.). Therefore, the defendants' motion to strike the fourth count of the revised complaint is denied.
Moreover, the defendants do not have an absolute privilege to contest an award of unemployment compensation. "It is clear that the tort of vexatious suit under the common law is applicable to administrative proceedings." Rebeschi Construction, Inc. v. Yates,4 Conn. L. Rptr. 430 (Aug. 19, 1991, Berdon J.). Although the defendants did not initiate the administrative proceedings in this case, "one who continues a civil proceeding that has properly been begun or who takes an active part in it for an improper purpose after he has learned that there is no probable cause for the proceeding becomes liable as if he had then initiated the proceeding." (internal quotation marks omitted.) Id. Hence, the defendants were not absolutely privileged to oppose Cucuel's CT Page 2955 application for unemployment benefits. Accordingly, the motion to strike the fourth count of the plaintiff's revised complaint is denied for the additional reason that the ground set forth in the motion is without merit.
F. Sixth Count
In the sixth count of his amended complaint Cucuel alleges negligent and/or intentional infliction of emotional distress.
The defendants have moved to strike this count as to intentional infliction of emotional distress on the grounds that (1) Cucuel has failed to sufficiently allege each of the required elements of the cause of action; (2) the defendants' conduct was not extreme and outrageous; and (3) Cucuel's emotional distress was not severe. The defendants have moved to strike this count as to negligent infliction of emotional distress on the ground that Cucuel has failed to allege that the defendants knew or should have known that their conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might known that their conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm.
To survive a motion to strike a claim for negligent infliction of emotional distress, "the plaintiff [has] the burden of pleading . . . that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused might result in illness or bodily harm." (Internal quotation marks omitted.) Morris v.Hartford Courant Co. 200 Conn. 676, 683, 513 A.2d 66 (1986); accordMontinieri v. Southern New England Telephone Co., 175 Conn. 337,345, 398 A.2d 1180 (1978). In the present case, Cucuel has alleged that the defendants' conduct caused "emotional distress and physical stress which injury was either intended or reasonably foreseeable." This allegation does not address the causal nexus between the emotional distress and the potential resulting physical illness or bodily harm as discussed in Morris v. Hartford CourantCo., supra 200 Conn. 683. Instead the allegation seems to indicate that the defendants' conduct was the direct cause of the "physical stress." However, read with the other allegations of the complaint, incorporated by reference in the sixth count, it may be inferred that because the defendants' alleged actions could not have been the direct cause of any physical harm, the alleged physical harm must have resulted from emotional distress. Read in CT Page 2956 a light most favorable to sustaining the complaint, Cucuel has sufficiently alleged negligent infliction of emotional distress.
"If a count in a complaint purports to set out more than one cause of action, a [motion to strike] addressed to the entire count fails if it does not reach all of the causes of action pleaded."Wachtel v. Rosol, 159 Conn. 496, 499, 271 A.2d 84 (1970). Since the sixth count of Cucuel's revised complaint alleges one legally sufficient cause of action, the court need not address the defendants' arguments as to the legal sufficiency of Cucuel's allegations of intentional infliction of emotional distress. Accordingly, the defendant's motion to strike the sixth count of the revised complaint is denied.
COCCO, JUDGE