[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #105
On April 10, 2002, the plaintiff, Emma Rosina, LLC, filed a four-count complaint against the defendants, Bilides Building Excavating, LLC (Bilides, LLC), and Phillip Bilides (Bilides), alleging that it sustained losses as a result of the defendants' breach of a construction contract. According to the plaintiff, in the contract, Bilides, LLC, agreed to renovate an existing building into a dentist office and the plaintiff made all the payments it was required to make pursuant to the contract. Counts one and two allege breach of contract and unjust enrichment, respectively, against Bilides, LLC, due to its failure to complete construction pursuant to its written contract with the plaintiff. Counts three and four allege causes of action against Bilides, in his individual capacity, for breach of contract and unjust enrichment, respectively. The plaintiff alleges in count three that Bilides, LLC, is an alter ego of Bilides, and it seeks to pierce the corporate veil and hold Bilides personally liable for the corporation's actions.
On August 29, 2002, the defendants filed a motion to strike counts three and four of the complaint, accompanied by a memorandum in support. On September 11, 2002, the plaintiff filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[I]n determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Gazo v. Stamford,255 Conn. 245, 260, 765 A.2d 505 (2001). "A motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588, CT Page 15904693 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Id., 580. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Gazo v. Stamford, supra, 255 Conn. 260.
The defendants move to strike counts three and four on the ground that the plaintiff alleges only legal conclusions that are unsupported by the facts alleged. Specifically, the defendants argue that paragraph fifteen of count three merely alleges conclusions of law, which are not supported by any facts necessary to support an action that would permit the piercing of the corporate veil to hold the individual defendant liable under the alter ego theory.
The plaintiff counters that in this paragraph, it alleges facts that demonstrate that there was a unity of interest between Bilides, LLC, and Bilides, and that the specific facts relating to this issue will be determined through discovery. Moreover, the plaintiff argues that counts three and four are legally sufficient when read in conjunction with the remaining counts of the complaint.
In Zaist v. Olson, 154 Conn. 563, 573-74, 227 A.2d 552 (1967), our Supreme Court set forth the law on piercing the corporate veil: "Courts will disregard the fiction of separate legal entity when a corporation is a mere instrumentality or agent of another corporation or individual owning all or most of its stock. . . . Under such circumstances the general rule, which recognizes the individuality of corporate entities and the independent character of each in respect to their corporate transactions, and the obligations incurred by each in the course of such transactions, will be disregarded, where . . . the interests of justice and righteous dealing so demand. . . . The circumstance that control is exercised merely through dominating stock ownership, of course, is not enough. . . . There must be such domination of finances, policies and practices that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal." (Citations omitted; internal quotation marks omitted.).
The doctrine of piercing the corporate veil, as applied to corporations, also applies to a limited liability company. See Litchfield Asset Management Corp. v. Howell, 70 Conn. App. 133, 147, 799 A.2d 298, cert. denied, 261 Conn. 911, 802 A.2d 854 (2002); see also General Statutes § 34-133.
"The concept of piercing the corporate veil is equitable in nature and CT Page 15905 courts should pierce the corporate veil only under `exceptional circumstances.'" Davenport v. Quinn, 53 Conn. App. 282, 301, 730 A.2d 1184
(1999). Such exceptional circumstances would include instances "where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice." (Internal quotation marks omitted.) SFA Folio Collections, Inc. v. Bannon, 217 Conn. 220, 230, 585 A.2d 666, cert. denied, 501 U.S. 1223,111 S.Ct. 2839, 115 L.Ed.2d 1008 (1991). "No hard and fast rule, however, as to the conditions under which the entity may be disregarded can be stated as they vary according to the circumstances of each case." (Internal quotation marks omitted.) Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544, 555-56, 447 A.2d 406
(1982).
The Connecticut Supreme Court has recognized the instrumentality rule and the identity rule as grounds for piercing the corporate veil. See id., 553-54. "The instrumentality rule requires, in any case but an express agency, proof of three elements: (1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of." (Emphasis in original; internal quotation marks omitted.) Id., 553. "[T]he key factor in any decision to disregard the separate corporate entity is the element of control or influence exercised by the individual sought to be held liable for corporate actions." Christian Bros., Inc. v. South Windsor Arena, Inc., 7 Conn. App. 648, 651, 509 A.2d 1095 (1986).
"The identity rule has been stated as follows: If plaintiff can show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise." (Internal quotation marks omitted.) Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., supra,187 Conn. 554. "The identity rule primarily applies to prevent injustice in the situation where two corporate entities are, in reality, controlled as one enterprise because of the existence of common owners, officers, directors or shareholders and because of the lack of observance of CT Page 15906 corporate formalities between the two entities." Id., 560. "Although the `identity' or `alter-ego' doctrine has been primarily applied to reach beyond the veil to another corporation, it may also be employed to hold an individual liable." Klopp v. Thermal-Sash, Inc., 13 Conn. App. 87, 89
n. 3, 534 A.2d 907 (1987).
The plaintiff must, therefore, allege sufficient facts necessary to plead either the instrumentality rule or the identity rule. The portion of the complaint in which the plaintiff purportedly alleges facts sufficient to pierce Bilides, LLC's corporate veil is found in paragraph fifteen of count three, which states the following: "At all relevant times and upon information and belief; there was such a unity of interest between Bilides LLC and Bilides that for all intents and purposes there was never any individuality and separateness between Bilides LLC and Bilides, and that Bilides LLC is the instrumentality and alter-ego of Bilides LLC."[1]
These allegations are assertions, made under "information and belief;" of legal conclusions and are not supported by facts necessary to demonstrate the requisite control that
Although Superior Court decisions differ as to what extent a complaint must allege the elements of the instrumentality rule or the identity rule, the decisions are consistent in holding that, at a minimum, the complaint must allege a sufficient factual basis for a court to pierce the corporate veil. See Regulbuto v. General Health Management, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 91 0371842 (January 29, 1991, Clark, J.) (3 Conn.L.Rptr. 686) (court granted defendant's motion to strike breach of contract claim against individual owner of corporation because plaintiff failed to allege sufficient facts to satisfy first element of the instrumentality rule); Weinberg v. Isom, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 940140152 (May 8, 1995, Karazin, J.) (court granted defendant's motion to strike because "plaintiff has failed to allege any independent facts demonstrating the requisite control necessary to pierce the corporate veils of [defendant corporations] under either the instrumentality or identity rules."). But see Fishman v. LM Development, Inc., Superior Court, judicial district of Litchfield, Docket No. CV 057205 (August 26, 1992, Pickett, J.) (7 Conn.L.Rptr. 779) (court denied motion to strike as to counts against individual defendant on instrumentality theory of piercing the corporate veil. Plaintiff alleged individual defendant dominated transactions involving purchase and sale of property so that corporation had no separate existence; he used control to breach parties' contract and to divest corporation of assets; and that plaintiff was injured because he caused faulty construction and may have rendered corporation insolvent). CT Page 15907
In the present case, the plaintiffs allegations are factually insufficient. Simply stating that there was a "unity of interest" between Bilides, LLC, and Bilides, such that there was never any "individuality and separateness," and that Bilides, LLC, is the "instrumentality and alter-ego" of Bilides, is legal, not factual, pleading. The plaintiff is required to specifically allege the conduct that it claims creates such a unity of interest. See Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58
(1958).
Even when read in conjunction with the remaining counts of the complaint, as the plain tiff suggests, the plaintiffs allegations are still insufficient to pierce Bilides, LLC's corporate veil under either test. Counts one and two do not contain a single allegation that would suggest that Bilides, in his individual capacity, maintained the requisite control over Bilides, LLC, needed to pierce the corporate veil under the instrumentality rule; nor do counts one and two contain a single allegation that would demonstrate a unity of interest between Bilides, LLC, and Bilides, in order to pierce the corporate veil under the identity rule. In fact, the sole reference to Bilides in counts one and two is as to where he resides. Moreover, in count four, the plaintiff not only fails to reallege paragraph fifteen of count three, but also fails to allege any independent facts necessary to pierce the corporate veil. CT Page 15908
Taken as a whole, the complaint broadly alleges that there was a unity of interest between Bilides, LLC, and Bilides, and fails to support this legal conclusion with the requisite factual basis necessary to pierce the corporate veil. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992). The plaintiffs contention that "[t]he specific facts will be determined through discovery" misses the mark. The issue presented to the court in this motion to strike is the adequacy of the plaintiffs pleading, and the plaintiff fails to provide a factual basis for piercing the corporate veil.
Because the allegations in the complaint are insufficient to invoke the court's authority to find the exceptional circumstances necessary to pierce the corporate veil, the motion to strike counts three and four of the plaintiffs complaint is granted.
 ___________________ Howard F. Zoarski Judge Trial Referee